■ DIRK GOLDWASSER, Plaintiff, v ANTHONY L. GELLER et al., Respondents, and J. WINSTON FOWLKES et al., Appellants. [718 NYS2d 349] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered November 5, 1999, after a nonjury trial, dismissing defendants-appellants' cross claim for indemnification against defendants-respondents, unanimously affirmed, with costs.

The trial court correctly held ambiguous the indemnity provision in the agreement settling the action brought by appellants against respondents for losses caused by respondents' failure to meet a capital call. An agreement to indemnify must be "strictly construed" and "should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances" (*Hooper Assocs. v AGS Computers*, 74 NY2d 487, 491-492), i.e., there must be an " 'unmistakable intention' " to indemnify (*Matter of Heimbach v Metropolitan Transp. Auth.*, 75 NY2d 387, 392). Here, it is unclear whether the indemnity provision was meant to cover any claim for distributions from the parties' partnership that plaintiff might make, or only such claims as related to respondents' nonfeasance in failing to meet the capital call, or only a claim for any portion of the $60,361.81 that, in the sentence immediately preceding the indemnity sentence, respondents represented had already been paid to plaintiff, presumably in satisfaction of his then current claims for distributions. The latter interpretation is reasonable since, otherwise, the reference to the $60,361.81 would be meaningless, and the settlement would be susceptible to an interpretation that would make respondents personally responsible for any future claims for distribution made by plaintiff without limitation and without any apparent relationship to the

nonfeasance alleged in the settled action. We note that appellants challenge only the initial finding of ambiguity, not the subsequent findings of fact justifying the construction urged by respondents.

The trial court also properly rejected appellants' claim for common-law indemnity since their wrongful breach of the fiduciary duty they owed plaintiff to include him in the settlement, found by this Court on a prior appeal (257 AD2d 489, *lv denied* 93 NY2d 954), contributed to plaintiff's damages, at least in part (*see, Rock v Reed-Prentice Div.*, 39 NY2d 34, 39; *Trustees of Columbia Univ. v Mitchell/Giurgola Assocs.*, 109 AD2d 449, 453). Indeed, the prior holding, that the measure of plaintiff's damages is what he would have received had he been included in the settlement, clearly implies that the damages he sustained as a result of respondents' failure to make a capital call were subsumed in the settlement from which he was wrongfully excluded by appellants. It follows that if appellants were allowed to keep the entire proceeds of the settlement, by way of an award of indemnification against respondents, they would be unjustly enriched. Concur—Sullivan, P. J., Nardelli, Williams, Mazzarelli and Saxe, JJ.