■ MARTHA WHITE, Appellant, v L&M CORPORATE, INC., Doing Business as ROMA DELI, Respondent. [808 NYS2d 365]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Sproat, J.), dated December 14, 2004, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law and the facts, with costs, the motion is denied, and the complaint is reinstated.

To establish a prima facie case of negligence, the plaintiff is required to show that the defendant created the condition which caused the accident or that it had actual or constructive notice thereof (*see Beltran v Metropolitan Life Ins. Co.*, 259 AD2d 456 [1999]). A defendant moving for summary judgment dismissing the complaint based upon lack of notice is required to make a prima facie showing affirmatively establishing the absence of notice as a matter of law (*see Beltran v Metropolitan Life Ins. Co., supra; Fox v Kamal Corp.*, 271 AD2d 485 [2000]).

Here, in support of its motion for summary judgment dismissing the complaint, the defendant established, prima facie, that it neither created nor had notice of the spilled liquid upon which the plaintiff allegedly fell. However, in opposition, the plaintiff adduced sufficient evidence to raise an issue of fact as to whether the defendant did in fact cause a large spill of an oily substance extending many feet both inside and outside the rear entrance door, identified by the witness who came to the plaintiff's aid moments after her fall. Accordingly, the defendant's motion should have been denied. Prudenti, P.J., S. Miller, Spolzino and Dillon, JJ., concur.