■ Enso Perez, Appellant, v Amelia Canale et al., Defendants, and Atlantic Development Group, LLC, et al., Respondents. [855 NYS2d 488]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered June 19, 2007, which, insofar as appealed from as limited by the briefs, granted the motion of defendants Atlantic Development Group, LLC, Sagamore Street Associates, L.P., Birchall Avenue, L.P., and Knickerbocker Management, LLC for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants established a prima facie entitlement to summary judgment in this action where plaintiff was injured when he allegedly slipped and fell on snow and ice while traversing a cement walkway leading to a building owned by Sagamore and managed by Knickerbocker. The climatological data relied upon by defendants' expert meteorologist was prima facie evidence of the facts stated therein (CPLR 4528), and the expert permissibly concluded that due to temperatures that were well above freezing in the 12 hours prior to plaintiff's fall, it would have been impossible for there to have been a precipitation-related ice or snow accumulation in the vicinity of plaintiff's fall. Contrary to plaintiff's contention, it was not speculative for defendants' qualified expert to conclude that the temperatures were at levels that would have caused melting on the days prior to and of the accident (*compare Neidert v Austin S. Edgar, Inc.*, 204 AD2d 1030 [1994]).

The affidavit of plaintiff's friend does not raise a triable issue of material fact, in the face of the evidence that ice could not have been present on the walkway at the time of the accident (*see Leo v Mt. St. Michael Academy*, 272 AD2d 145, 146 [2000]). The court also properly discounted plaintiff's photographs taken the day after the accident, where the photos were not of the accident location. Concur—Lippman, P.J., Tom, Williams and Acosta, JJ.