■ ALIMA KEITA, Respondent, v CITY OF NEW YORK et al., Appellants/Third-Party Plaintiffs-Appellants. BEAU DIETL & ASSOCIATES, Third-Party Defendant-Respondent, et al., Third-Party Defendant. [11 NYS3d 20]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.),

entered September 29, 2014, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the negligence cause of action, and granted third-party defendants' motion for summary judgment dismissing the third-party complaint, unanimously modified, on the law, to grant defendants' motion, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint.

Defendants established prima facie that they neither created nor had actual or constructive notice of the alleged hazardous icy condition of the stairway on which plaintiff fell (*Smith v Costco Wholesale Corp.*, 50 AD3d 499 [1st Dept 2008]). The certified climatological data showed that there was no precipitation in the area the day before plaintiff's accident and that only trace amounts had fallen on that day, at approximately 1:51 a.m., about 20 hours before plaintiff's fall (*see* CPLR 4528; *Daley v Janel Tower L.P.*, 89 AD3d 408 [1st Dept 2011]). Even if, as plaintiff contends, snow had fallen from the roof of the parking garage, melted, and dripped onto the staircase below, ice would not have formed, since the temperature remained at 40 degrees for approximately 18 hours before plaintiff's accident (*see Perez v Canale*, 50 AD3d 437 [1st Dept 2008]). Indeed, plaintiff had gone up and down that staircase between 5 and 10 times during the hours preceding her accident without noticing any snow or ice on it. Nor did she observe the alleged icy condition immediately before falling (*see Roman v Met-Paca II Assoc., L.P.*, 85 AD3d 509 [1st Dept 2011]).

The motion court correctly dismissed defendants/third-party plaintiffs' claim for contractual indemnification since plaintiff's accident did not arise out of, nor was it connected to, the security work identified in defendant Parking Systems Plus, Inc.'s contract with third-party defendant Beau Dietl & Associates (Dietl), which did not include the removal of snow or ice from the garage.

Defendants' claim for common-law indemnification and contribution against Dietl, plaintiff's employer, is statutorily barred, since plaintiff did not suffer a "grave injury" within the meaning of Workers' Compensation Law § 11 (*see Aramburu v Midtown W. B, LLC*, 126 AD3d 498 [1st Dept 2015]).

We have considered defendants/third-party plaintiffs' remaining contentions and find them unavailing. Concur—Friedman, J.P., Saxe, Manzanet-Daniels, Feinman and Gische, JJ. ■