■ JOSEPH MAGGIO, Respondent-Appellant, v 24 WEST 57 APF, LLC, et al., Appellants-Respondents, and RICHTER & RATNER CONTRACTING CORP. et al., Respondents. 24 WEST 57 APF, LLC, et al., Third-Party Plaintiffs, v O'KANE CONSTRUCTION, INC., Third-Party Defendant-Respondent, and ATLANTIC HOIST & SCAFFOLDING, LLC, Third-Party Defendant. (And a Second Third-Party Action.) [24 NYS3d 1]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered June 13, 2014, which, insofar as appealed from as limited by the briefs, denied the motion of defendants 24 West 57 APF, LLC (24 West) and Ana Tzarev New York, LLC (ATNY) for summary judgment dismissing plaintiff's claims for violation of Labor Law § 200 and for common-law negligence, denied 24 West and ATNY judgment on their cross claims and third-party claims for contractual and common-law indemnification against defendants Richter & Ratner Contracting Corp. (R&R) and Atlantic Hoist & Scaffolding, LLC, and third-party defendant O'Kane Construction, Inc., and denied as untimely plaintiff's cross motion for partial summary judgment on his Labor Law § 240 (1) claim, unanimously modified, on the law, to grant summary judgment to ATNY to the extent it seeks conditional contractual indemnification against R&R, and otherwise affirmed, without costs.

Plaintiff, a drywall installer employed by O'Kane, was injured at premises owned by defendant 24 West and leased to ATNY. ATNY was converting the space into a gallery to display the work of the artist Ana Tsarev, and had hired R&R as the general contractor. R&R retained Atlantic to construct a scaffold on the premises for use in the renovation. Because the ceiling in the premises was 30 feet high, Atlantic's scope of work in its subcontract included building a staircase within the scaffold to reach the top. However, the standard sets of stairs that Atlantic had in its inventory, which were approximately nine feet long, did not precisely fit from the bottom of the scaffold to the top. To solve this problem, a smaller set of stairs was cut and "sistered" to the standard set of stairs that was closest to the ceiling. While the standard stairs were made of steel with perforations in them to prevent slippage, the area where the "sister" stairs were coupled to the standard set was covered with plywood. Thus, in that area certain stairs had no slip protection. Further, the addition of plywood to some of the stairs caused the rise of those steps to be higher than others.

Plaintiff testified that his accident occurred as he was descending from the top of the scaffold stairs. He claims that he navigated the first five steps, but when he came to the area where the "sistering" had been done and the stairs were covered with plywood, he "went flying" down the flight of stairs to the

next landing, which he rolled off. He stated that he then fell to the floor approximately 12-16 feet below, striking against, and temporarily grabbing, the side of the scaffold to stop his fall, before landing on piles of sheetrock and other debris. Plaintiff attributed the fall to the steep pitch of the steps, the lack of anti-slip material on the plywood stair that he stepped on immediately before his fall, and the fact that slippery sheetrock powder and sawdust had collected on the staircase, which was "always there" because "they" did not do a very good job cleaning. Nobody witnessed the accident.

Plaintiff filed a note of issue and certificate of readiness for trial before depositions of 24 West, ATNY or Atlantic had been conducted. R&R moved to strike the note of issue. Nevertheless, within 30 days of plaintiff's filing the note of issue, 24 West and ATNY moved for summary judgment, seeking dismissal of plaintiff's causes of action alleging common-law negligence and violation of Labor Law § 200. They also sought summary judgment on their cross claims against R&R and Atlantic, and on their third-party claim against O'Kane, for common-law and contractual indemnification. Defendants made their motions to comply with the court's Part Rules, which required summary judgment motions to be filed within 30 days after the note of issue was filed. The Part Rules also provided that the timeliness of cross motions for summary judgment was determined by their filing date, not the filing of the motion-in-chief. In support of their motion, 24 West and ATNY submitted substantially identical affidavits from 24 West's property manager, Carlos Telleria, and ATNY's international manager, Simone DiLaura. Each witness explained the contractual relationships between the parties, and averred that 24 West and ATNY, respectively, did not control the means and methods of the work, did not provide any instructions for the work to be performed by plaintiff, and did not provide any equipment or materials to the contractors or subcontractors. In opposition to the motion, O'Kane argued that there was an issue of fact regarding who the owner of the premises was, since in its subcontract with R&R the owner was identified not as ATNY, but rather as "Ana Tzarev Management Limited." In a reply affidavit, DiLaura averred that Ana Tzarev Management Limited was a shareholder of ATNY and had no interest in the subject premises. She asserted that the reference to Ana Tzarev Management Limited in the subcontract, which she believed was drafted by R&R, was a mistake.

The court granted R&R's motion to strike the note of issue, and ordered discovery to be completed within 60 days and

plaintiff to file a new note of issue. The day after it struck the note of issue, the court issued an order denying 24 West's and ATNY's motion for summary judgment, finding that they had "not made out a prima facie showing of entitlement to summary judgment," since the submissions did not establish who the owner of the premises was. The court further stated that "summary judgment is also premature, as discovery is still outstanding. . . . It is clear to this Court that until such time as all discovery is complete, including all party deposition [sic], the dispositive motions must be denied." Additionally, the court stated that whether 24 West and ATNY had notice of the conditions that purportedly caused plaintiff's fall was disputed "and may be resolved by the completion of movant's depositions."

The parties subsequently conducted the depositions of 24 West, by Telleria, and of ATNY, by DiLaura, as well as that of Atlantic. Plaintiff filed a new note of issue, and within 30 days of the filing, 24 West and ATNY again moved for summary judgment dismissing plaintiff's negligence and Labor Law § 200 claims and all cross claims and counterclaims against them, and for summary judgment on their claims against R&R, Atlantic and O'Kane for common-law and contractual indemnification. They relied on the deposition of DiLaura, who testified that, while she did not believe anyone associated with ATNY was overseeing or performing the work, she was not sure of that. Similarly, while she did not believe anyone from ATNY visited the premises during the renovation, she was not sure. DiLaura also testified that Ana Tzarev Management Limited is "just a name I've seen," but she did not know what it did, what its business was, or whether any of its representatives visited the premises during its renovation. Moreover, contrary to her identification in her affidavit of R&R's construction management agreement and O'Kane's subcontract, she testified that she had never seen those documents. 24 West and ATNY relied on the deposition of Telleria to the extent he testified that 24 West was not a party to any of the contracts related to the buildout of the space. Finally, 24 West and ATNY cited deposition testimony from R&R's superintendent on the project, and from O'Kane's foreman, which they claimed suggested that 24 West and ATNY exercised no control over the work of R&R or its subcontractors.

Approximately 60 days after filing the note of issue, and one month after 24 West and ATNY moved again for summary judgment, plaintiff cross-moved for partial summary judgment on liability on his Labor Law § 240 (1) claim against 24 West, ATNY, and R&R. Plaintiff's moving affidavit acknowledged

that the motion was made after the court's 30-day deadline from the filing of the note of issue had passed, but requested leave of the court for consideration of the cross motion, asserting that the merits of the motion only became apparent to him upon receipt of 24 West's and ATNY's summary judgment motion, which centered on the same facts. In his reply affidavit, plaintiff further stated that his cross motion was based "in large part" on the deposition of Atlantic, which did not occur until December 30, 2013, days after the operative note of issue had been filed. Atlantic's witness, who was one of its foremen at the time of the accident but did not recall whether he worked on the job in question, testified that it was not appropriate for the nonslip nature of the staircase to have been compromised in the presence of falling sheetrock dust.

The court denied the motions. With regard to 24 West's and ATNY's motion, the court stated that "[t]his Court did not grant movants leave to interpose new dispositive motions upon completion of discovery. Movant's [sic] prior motion was denied for failure to set forth entitlement to summary judgment as a matter of law. Factual disputes were presented, in part, because discovery remained outstanding." With regard to plaintiff's cross motion, the court denied it as untimely, since it was filed more than 30 days after the note of issue was filed.

On appeal, 24 West and ATNY argue that plaintiff's premature note of issue compelled them to make their initial summary judgment motion before discovery was completed, and that the order denying that motion implicitly granted them leave to renew upon completion of discovery. As to the merits, they argue that they did not control the means or methods of the work or create or have notice of the allegedly dangerous condition. Thus, they argue, they are entitled to summary judgment dismissing plaintiff's negligence and Labor Law § 200 claims, and on their cross and third-party claims for common-law and contractual indemnification. Plaintiff argues that the court should have excused his tardiness in filing his cross motion, because the merits of it only became apparent after Atlantic was deposed, which followed the filing of the December 2013 note of issue, and the cross motion was on the same subject matter as 24 West's and ATNY's timely motion. On the merits, he argues that his fall from a scaffold staircase lacking anti-slip materials was a violation of Labor Law § 240 (1).

"Successive motions for summary judgment should not be entertained without a showing of newly discovered evidence or other sufficient justification" (*Jones v 636 Holding Corp.*, 73 AD3d 409, 409 [1st Dept 2010]). Here, 24 West and ATNY can-

not credibly argue that their second motion was based on new evidence. The only substantial difference between the first and second motions was the manner in which they presented the testimony of Telleria and DiLaura. The first motion contained affidavits of each witness and the second appended the transcripts of their depositions. At bottom, however, the facts averred were the same, that is, that neither 24 West nor ATNY directed the manner of the work in a way that would invite liability.

Nevertheless, 24 West and ATNY were sufficiently justified in bringing the second motion because the court's original order could fairly be interpreted as authorizing it, without leave, at the close of discovery. After all, the court expressly stated that, *"until such time* as all discovery is complete, including all party deposition[s], the dispositive motions must be denied" (emphasis added). This statement implied that the court would entertain the motion again when depositions were complete (*see Fernandez v Elemam*, 25 AD3d 752, 753 [2d Dept 2006]). Indeed, it is consistent with the fact that, in making the initial motion when they did, 24 West and ATNY were merely attempting to comply with the 30-day deadline set forth in the court's Part Rules, since plaintiff had filed a premature note of issue.

An owner may be liable under the common law or under Labor Law § 200 for a dangerous condition arising from either the condition of the premises or the means and methods of the work (*see Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 143-144 [1st Dept 2012]). An owner's liability only attaches for an injury arising from the means and methods of the work if the owner exercised supervisory control over the work (*id.* at 144). Where a dangerous condition in the premises caused the accident, liability only arises if the owner created the condition or had actual or constructive notice of it (*id.*). DiLaura's and Telleria's depositions revealed that they had no firsthand knowledge of the renovation, and thus no factual basis exists for the assertions in their affidavits that neither 24 West nor ATNY exercised supervision or control over the project. However, plaintiff, R&R's superintendent, and O'Kane's foreman all testified that 24 West's and ATNY's representatives on site did not direct the workers or supervise their work. Accordingly, liability on the basis of means and methods does not attach.

Contrary to their assertions, however, the record does not establish that 24 West and ATNY lacked actual or constructive notice of the allegedly dangerous condition. Indeed, they failed

to establish prima facie entitlement to summary judgment on the issue, as, again, neither witness for the entities had personal knowledge about whether 24 West and ATNY had any personal involvement with the construction, nor did the testimony that they submitted from the various contractors establish that 24 West and ATNY could not have been on notice of this point. To the contrary, R&R's superintendent testified that Ana Tzarev walked through the construction site two or three times, and that a representative of the building owner attended weekly meetings, at which time she would walk through the site. O'Kane's foreman similarly testified that Ana Tzarev walked through the site. It is notable that the presence of sheetrock dust, the condition which substantially contributed to the accident, would have been observable to any representative of 24 West or ATNY visiting the premises. Accordingly, because questions of fact exist as to whether 24 West or ATNY had notice of the dangerous condition, they would not have been entitled to summary judgment dismissing plaintiff's common-law negligence and Labor Law § 200 claims against them.

Because we cannot conclude as a matter of law that 24 West and ATNY are not liable to plaintiff on his common-law negligence and Labor Law § 200 claims, we also cannot grant them summary judgment on their claims for common-law indemnification against R&R and Atlantic (*see Tzic v Kasampas*, 93 AD3d 438, 440 [1st Dept 2012]). As to O'Kane, under no circumstances can 24 West and ATNY be entitled to common-law indemnification, since they have not alleged that plaintiff suffered a grave injury (*see Keita v City of New York*, 129 AD3d 409, 410 [1st Dept 2015]).

As to contractual indemnification, we first note that neither R&R's construction management agreement nor the subcontracts list 24 West as an "owner" upon whom the indemnification clause in each such agreement confers any right of indemnification. Therefore, 24 West is not entitled to contractual indemnification. ATNY did have the right to be indemnified per its contract with R&R, "[t]o the fullest extent permitted by law," so long as the claim giving rise to the claim arose out of the latter's negligent or intentional acts. Given the particular contractual language presented, ATNY, even if it were ultimately found to be partially responsible for the accident, would be entitled to indemnification for the percentage of any award arising not from its own negligence, but rather that of R&R (*see Brooks v Judlau Contr., Inc.*, 11 NY3d 204, 210 [2008]). Since there is no basis on this record for determin-

ing whether ATNY and R&R were negligent, we are only able to award summary judgment on this claim to ATNY on a conditional basis (see *DeSimone v City of New York*, 121 AD3d 420, 422-423 [1st Dept 2014]).

With respect to O'Kane and Atlantic, we note that their subcontracts identify the owner-indemnitee as Ana Tzarev Management Limited, not defendant ATNY. Contrary to 24 West's and ATNY's assertion that this was simply a mistake, a certificate of capital improvement for the project, signed by a representative of the tenant of the premises for tax purposes, identified the owner of the project as Ana Tzarev Management Limited, not ATNY. Since we are required to strictly construe an indemnification agreement (see *Goldwasser v Geller*, 279 AD2d 297 [1st Dept 2001]), we are unable to find as a matter of law that ATNY is the "owner" entitled to indemnification under the subcontracts.

Turning to plaintiff's cross motion, he argues that it should have been considered, because it brought up a nearly identical issue to that raised in 24 West's and ATNY's timely motion, and, alternatively, because the fact that the Atlantic deposition was only held one week after the note of issue was filed reasonably delayed him from filing the motion on time. He further argues that he is entitled to summary judgment on his Labor Law § 240 (1) claim because the lack of slip protection on the scaffold stairs constituted a violation of the statute.

This Court, in reviewing a summary judgment motion, may search the record and grant summary judgment to any nonmoving party without the necessity of a cross motion (see *Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]). Because of this power, this Court may even disregard the tardiness of a cross motion and grant the cross movant summary judgment, on the theory that the cross motion was not necessary in the first place (see *Matthews v 400 Fifth Realty LLC*, 111 AD3d 405, 406 [1st Dept 2013]). However, this power is not without limitation. As plaintiff recognizes, the issue or cause of action on which the nonmovant is awarded summary judgment must be "nearly identical" to that on which the movant sought relief (see *Filannino v Triborough Bridge & Tunnel Auth.*, 34 AD3d 280, 281-282 [1st Dept 2006], *lv dismissed* 9 NY3d 862 [2007]). In *Filannino*, the main motion sought summary judgment dismissing certain Labor Law claims (§§ 200, 241 [6]), and the plaintiff's untimely cross motion sought summary judgment on his 240 (1) claim. This Court held that the cross motion was not sufficiently related to the main motion, and refused to entertain it (*id.*). Here, the scenario is the same.

Thus, even though plaintiff has presented facts and arguments in his cross motion suggesting that his accident was caused by defendants' failure to provide him with an adequate safety device, we are constrained by our own precedent to conclude that the court properly declined to consider it.

We further note that plaintiff's alternative argument, that his tardiness should be excused, lacks merit. Even though Atlantic's deposition was conducted after plaintiff filed his note of issue, all of the testimony cited by plaintiff with regard to the allegedly improper construction of the scaffold was duplicative of plaintiff's own unrebutted testimony.

Accordingly, the court properly denied his cross motion as untimely (*Brill v City of New York*, 2 NY3d 648, 651-652 [2004]). Concur—Gonzalez, P.J., Tom, Mazzarelli and Manzanet-Daniels, JJ.