Bishop v Pennsylvania Ave. Mgt., LLC (2020 NY Slip Op 02756)





Bishop v Pennsylvania Ave. Mgt., LLC


2020 NY Slip Op 02756


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2019-01442
 (Index No. 505234/16)

[*1]Alfonzo Bishop, appellant,
v
Pennsylvania Avenue Management, LLC, et al., respondents.


Budin, Reisman, Kupferberg & Bernstein, LLP, New York, NY (Gregory C. McMahon of counsel), for appellant.
Hoffman Roth & Matlin, LLP, New York, NY (Joshua R. Hoffman of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated January 10, 2019. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant 850 Pennsylvania Ave Chicken, Inc.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant 850 Pennsylvania Ave Chicken, Inc., is denied.
The plaintiff allegedly tripped and fell while crossing a Brooklyn parking lot that was owned by the defendant Pennsylvania Avenue Management (hereinafter Pennsylvania Avenue) and leased by the defendant 850 Pennsylvania Ave Chicken, Inc. (hereinafter Pennsylvania Chicken). The plaintiff commenced this action to recover damages for his personal injuries. The defendants moved for summary judgment dismissing the complaint, arguing that the plaintiff was unable to identify the cause of his fall, the allegedly dangerous defect was trivial and not actionable as a matter of law, the allegedly defective condition was open and obvious and not inherently dangerous, and the defendant Pennsylvania Avenue was an out-of-possession landlord with no duty to maintain or repair the parking lot. The plaintiff did not oppose that branch of the motion which was to dismiss the complaint insofar as asserted against Pennsylvania Avenue on the ground that it was an out-of-possession landlord with no duty to maintain or repair the parking lot. In an order dated January 10, 2019, the Supreme Court granted the defendants' motion and directed dismissal of the action as against both defendants. The plaintiff appeals from so much of the order as granted that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against Pennsylvania Chicken.
"A property owner, or a party in possession or control of real property, has a duty to maintain the property in a reasonably safe condition" (Chang v Marmon Enters., Inc., 172 AD3d 678; see Kellman v 45 Tiemann Assoc., 87 NY2d 871, 872; Basso v Miller, 40 NY2d 233, 241). Generally, the issue of whether a dangerous or defective condition exists on the property of another [*2]depends on the facts of each case and is a question of fact for the jury (see Trincere v County of Suffolk, 90 NY2d 976, 977). "A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses. Only then does the burden shift to the plaintiff to establish an issue of fact" (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79). In determining whether a defect is trivial, the court must examine all of the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (Trincere v County of Suffolk, 90 NY2d at 978 [internal quotation marks omitted]). There is no "minimal dimension test" or per se rule that the condition must be of a certain height or depth in order to be actionable (id. at 977). Physically small defects may be actionable "when their surrounding circumstances or intrinsic characteristics make them difficult for a pedestrian to see or to identify as hazards or difficult to traverse safely on foot" (Hutchinson v Sheridan Hill House Corp., 26 NY3d at 79). Here, the evidence submitted by the defendants was insufficient to demonstrate, prima facie, that the condition of the parking lot where the plaintiff allegedly fell was trivial as a matter of law and therefore not actionable (see Cabezas v Ramos, 173 AD3d 1131, 1132; Green v Price Chopper, Inc., 164 AD3d 478, 479; Simos v Vic-Armen Realty, LLC, 161 AD3d 1023, 1024).
A defendant can also establish its prima facie entitlement to judgment as a matter of law in a premises liability case by showing that the plaintiff cannot identify the cause of his or her accident (see Chang v Marmon Enters., Inc., 172 AD3d 678, 679; Rodriguez v New York City Hous. Auth., 169 AD3d 947, 948-949; Gani v Avenue R Sephardic Congregation, 159 AD3d 873, 874). A plaintiff's inability to identify the cause of the fall is fatal to the cause of action because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation (see Chang v Marmon Enters., Inc., 172 AD3d at 679; Gani v Avenue R Sephardic Congregation, 159 AD3d at 874).
Here, viewing the evidence in the light most favorable to the plaintiff as the nonmoving party (see Matadin v Bank of Am. Corp., 163 AD3d 799, 800; Stukas v Streiter, 83 AD3d 18, 22), the defendants failed to establish, prima facie, that the plaintiff did not know the cause or location of his fall. The evidence submitted by the defendants in support of the motion, including the deposition testimony of the plaintiff, raised a triable issue of fact as to whether the plaintiff tripped and fell due to the alleged uneven condition of the sewer grate and the surrounding area in the middle of the parking lot (see Kozik v Sherland & Farrington, Inc., 173 AD3d 994, 995; Kerzhner v New York City Tr. Auth., 170 AD3d 982, 983; Belton v Gemstone, HQ Realty Assoc., LLC, 145 AD3d 840, 841).
The defendants also failed to establish, prima facie, that the alleged uneven condition was open and obvious and not inherently dangerous (see Cupo v Karfunkel, 1 AD3d 48, 52).
Since the defendants did not meet their initial burden as the movants on these issues, the burden never shifted to the plaintiff to raise triable issues of fact.
Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Pennsylvania Chicken.
AUSTIN, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court