McRae v New York Flower, LLC (2021 NY Slip Op 05087)





McRae v New York Flower, LLC


2021 NY Slip Op 05087


Decided on September 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 28, 2021

Before: Webber, J.P., Mazzarelli, González, Scarpulla, Pitt, JJ. 


Index No. 21267/16E Appeal No. 14190 Case No. 2020-03581 

[*1]Orrin McRae, Plaintiff-Respondent,
v
New York Flower, LLC, Defendants, C & P Real Estate Holdings, LLC, Defendant-Appellant.


Varvaro, Cotter & Bender, White Plains (Stephen J. Cassels of counsel), for appellant.
CellinoLaw LLP, New York (John Lavelle of counsel), for respondent.



Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered on or about May 11, 2020, which denied defendant C&P's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant C&P failed to establish its prima facie entitlement to summary judgment. Contrary to defendant's contention that plaintiff did not adequately identify the cause of his fall, plaintiff testified that he saw ice on the ground immediately after he slipped and fell and described the ice as hard and the ice patch as larger than his foot (Lakins v 171 E. 205th St. Corp., 118 AD3d 451 [1st Dept 2014]; see also Dixon v New York City Hous. Auth., 176 AD3d 404 [1st Dept 2019]). C&P failed to establish that ice could not have existed., C&P's own meteorological expert stated that there were multiple black ice warnings starting the day before plaintiff's accident and that ice had formed because of radiational cooling (see Perez v Canale, 50 AD3d 437 [1st Dept 2008]; Buroker v Country View Estate Condominium Assn., Inc., 54 AD3d 795 [2d Dept 2008]).
C&P also failed to establish an absence of constructive notice of the alleged icy condition. Despite the meteorological data showing that snow remained on the ground after a month of heavy snowfall, C&P failed to present any evidence that it had inspected the area, cleaned it of snow and ice, or appropriately treated it with salt or sand, before the time of plaintiff's accident (see Perez v New York City Hous. Auth., 114 AD3d 586 [1st Dept 2014]; Ndiaye v NEP W. 119th St. LP, 124 AD3d 427, 428-429 [1st Dept 2015]; Mike v 91 Payson Owners Corp., 114 AD3d 420 [1st Dept 2014]).
In any event, plaintiff raised triable issues of fact in opposition through his meteorologist's report, which confirmed that the National Weather Service issued black ice warnings for the date of the accident (see Jones v New York City Hous. Auth., 157 AD3d 426 [1st Dept 2018]; Lakins, 118 AD3d at 451). Plaintiff's meteorologist's opinion that the ice formed as a result of improper snow removal was not purely speculative (cf. Killeen v Our Lady of Mercy Med. Ctr., 35 AD3d 205, 206 [1st Dept 2006]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 28, 2021