Marcano v 100-120 Hugh Grant Circle Realty, LLC (2021 NY Slip Op 05819)





Marcano v 100-120 Hugh Grant Circle Realty, LLC


2021 NY Slip Op 05819


Decided on October 26, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 26, 2021

Before: Gische, J.P., Webber, Mazzarelli, Shulman, Pitt, JJ. 


Index No. 305023/14 Appeal No. 14485 Case No. 2020-03367 

[*1]William Marcano, Plaintiff-Appellant,
v
100-120 Hugh Grant Circle Realty, LLC, et al., Defendants-Respondents, Lillian Blechner, Defendant.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Greg Freedman of counsel), for appellant.
O'Connor, O'Connor, Hintz & Deveney, LLP, Melville (Eileen Baumgartner of counsel), for respondents.



Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about February 25, 2020, which granted defendants 100-120 Hugh Grant Circle Realty, LLC and JSMD Food Corp.'s motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Plaintiff alleged that he sustained personal injuries when he slipped and fell as a result of snow/ice on or near the parking driveway of defendants' supermarket. Defendants established their prima facie entitlement to summary judgment through their expert meteorologist, who concluded that climatological data showed that the last measurable weather event was 19 days prior to plaintiff's accident, there was no snow or ice present in undisturbed, untreated, exposed areas for at least 11 days prior to plaintiff's accident, and ice and snow would not have been present at the location for at least 85 hours prior to the accident (see Daley v Janel Tower, L.P., 89 AD3d 408, 409 [1st Dept 2011]; Perez v Canale, 50 AD3d 437 [1st Dept 2008]).
In opposition, plaintiff failed to raise a triable issue of fact. His argument that snow and ice might have accumulated from earlier storms, or from melting and refreezing snow not properly removed by defendants, was speculative and refuted by the climatological records (see Colon v 36 Rivington St., Inc., 107 AD3d 508, 508-509 [1st Dept 2013]; Perez, 50 AD3d at 437).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 26, 2021