Vasquez v City of New York (2021 NY Slip Op 06824)





Vasquez v City of New York


2021 NY Slip Op 06824


Decided on December 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 07, 2021

Before: Acosta, P.J., Gische, Webber, Friedman, Kennedy, JJ. 


Index No. 159903/15, 595223/16, 595507/16 Appeal No. 14789-14789A-14789B Case No. 2020-00286, 2021-00815 

[*1]David Vasquez et al., Plaintiffs,
v
The City of New York et al., Defendants-Appellants-Respondents, Lincoln Center for the Performing Arts, Inc., et al., Defendants, RC Dolner, Inc., Defendant-Respondent-Appellant. [A Third-Party Action]
RC Dolner, Inc., Second Third-Party Plaintiff-Respondent-Appellant,
v
All-Safe LLC, Second Third-Party Defendant-Appellant-Respondent.


Law Office of James J. Toomey, New York (Evy L. Kazansky of counsel), for The City of New York, City Center of Music and Drama, Inc., appellants-respondents.
Melito & Adolfsen P.C., New York (Robert D. Ely of counsel), for All-Safe, LLC, appellant-respondent.
Harrington, Ocko & Monk, LLP, White Plains (Adam G. Greenberg of counsel) for respondent-appellant.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered December 27, 2019, which, to the extent appealed from as limited by the briefs, denied (1) so much of the motion of defendants City of New York, Lincoln Center for the Performing Arts, Inc., and City Center of Music & Drama, Inc. as was for summary judgment dismissing plaintiffs' Labor Law § 200 and common-law negligence claims as against defendants City of New York and City Center of Music & Drama, Inc. (together, CCMD), and as was for summary judgment in CCMD's favor on its contractual and common-law indemnification cross claims against defendant/third-party plaintiff/second third-party plaintiff RC Dolner, Inc.; and (2) so much of the motion of defendant/second third-party defendant All-Safe LLC as was for summary judgment dismissing Dolner's cross claim and third-party claim for contractual indemnification as against it, unanimously modified, on the law, to grant so much of All-Safe's motion as was to dismiss the cross claim and third-party claim, and otherwise affirmed, without costs. Dolner's appeal from the same order, unanimously dismissed, without costs, as abandoned. Appeal from order, same court and Justice, entered February 17, 2021, which, to the extent appealed from as limited by the briefs, granted All-Safe's motion for leave to reargue and, upon reargument, adhered to the original determination, unanimously dismissed, without costs, as academic. The Clerk is directed to enter judgment dismissing the second third-party complaint.
This personal injury action arose when the injured plaintiff David Vasquez (plaintiff) fell during a construction project at Lincoln Center. CCMD, owner of the premises, hired Dolner to be the general contractor for the construction project. Dolner subcontracted with All-Safe to be the site-logistics subcontractor, and with third-party defendant Donaldson Interiors, Inc., plaintiff's employer, to install drywall and acoustical ceilings. Several months before plaintiff's accident, a nonparty subcontractor removed the tile floor from the area around which All-Safe would later construct a platform, leaving the ground in an uneven and unsmooth condition. Plaintiff's accident occurred when he rolled his left ankle as he stepped off of All-Safe's platform and onto the uneven ground.
CCMD failed to establish its prima facie entitlement to summary judgment dismissing the Labor Law § 200 and common-law negligence claims, since it did not show that it lacked notice of the floor's dangerous condition after the nonparty subcontractor's removal of the tile floor (see Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 143-144 [1st Dept 2012]). Further, the standard relevant to dangerous premises conditions applies in this case, regardless of whether the means-and-methods standard applies as well (see Reyes v Arco Wentworth Mgt. Corp., 83 AD3d 47, 52 [2d Dept 2011]; see also Agli v 21 E. 90 Apts. Corp., 195 AD3d 458, 460 [1st Dept 2021], Lopez v Dagan[*2], 98 AD3d 436, 437-438 [1st Dept 2012], lv denied 21 NY3d 855 [2013]). Supreme Court also properly denied so much of CCMD's motion as was for summary judgment on its contractual and common-law indemnification cross claims against Dolner, given the issues of fact as to CCMD's negligence (see McCarthy v Turner Constr., Inc., 17 NY3d 369, 377-378 [2011]; Arias v Recife Realty Co., N.V., 172 AD3d 631, 632 [1st Dept 2019]).
Supreme Court should have granted so much of All-Safe's motion as was for summary judgment dismissing Dolner's contractual indemnification cross claim and third-party claim as against it. The relevant indemnification agreement requires All-Safe to indemnify Dolner for claims "aris[ing] out of or in connection with or as a consequence of the performance or non-performance of [All-Safe's] Work." The motion court determined that the opinion of plaintiff's expert — namely, that All-Safe should have evened out the ground underneath its platform or placed something flat to eliminate the risk of accidents — was insufficient to raise an issue of fact as to All-Safe's liability under Labor Law § 200 and for common-law negligence, but was sufficient to raise an issue of fact whether All-Safe's duty to indemnify Dolner was triggered under the terms of their agreement. However, the court also found, and the parties do not dispute on appeal, that whether to smooth the uneven ground underneath the platform or place something flat on it was not within the scope of All-Safe's work, but rather Dolner's. These findings are incompatible. Accordingly, since the scope of All-Safe's work was limited to constructing the platform from which plaintiff stepped — work that All-Safe performed nonnegligently — and All-Safe was not responsible for leveling out the ground underneath the platform, there is no basis for concluding that plaintiff's accident arose out of All-Safe's work (see Keita v City of New York, 129 AD3d 409, 410 [1st Dept 2015]; Baez v R & R Contr., 287 AD2d 351 [1st Dept 2001]).
We deem Dolner to have abandoned its appeal because it does not argue in its
briefs that the orders should be modified or reversed (see e.g. Borden LP v TPG Sixth St. Partners, 191 AD3d 554, 555-556 [1st Dept 2021]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 7, 2021