Malaspina v Westchester Med. Ctr. Health Care Corp. (2024 NY Slip Op 05095)

Malaspina v Westchester Med. Ctr. Health Care Corp.

2024 NY Slip Op 05095

Decided on October 16, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 16, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-09883
 (Index No. 68268/19)

[*1]Peter Malaspina, respondent, 
v
Westchester Medical Center Health Care Corporation, appellant.

Heidell, Pittoni, Murphy & Bach, LLP, White Plains, NY (Alejandra R. Gil of counsel), for appellant.
Bernstein & Bernstein, White Plains, NY (Walter L. Rich of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (David F. Everett, J.), dated November 7, 2022. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In November 2019, after timely serving a notice of claim, the plaintiff commenced this action against the defendant, the operator of a hospital, to recover damages for personal injuries the plaintiff alleged he sustained in August 2018 when he slipped and fell on a wet floor while a patient at the hospital. According to the plaintiff, a nurse was caring for him in his room when they both heard the sound of gunshots coming from another room on the same floor. The plaintiff alleged that the nurse then ran to exit the room, knocking over a pitcher of water in the process, and left open the door to the room. The plaintiff alleged, inter alia, that, in an attempt to protect himself from an active shooter situation, he exited his bed to close the door and slipped on the water that had spilled from the water pitcher. In September 2020, before the completion of discovery, the defendant moved for summary judgment dismissing the complaint. In an order dated May 5, 2021 (hereinafter the May 2021 order), the Supreme Court denied the motion (see Malaspina v Westchester Med. Ctr. Health Care Corp., 2021 NY Slip Op 33785[U], *2 [Sup Ct, Westchester County]). Thereafter, in February 2022, after the plaintiff filed a note of issue, the defendant again moved for summary judgment dismissing the complaint. The plaintiff opposed the motion. By order dated November 7, 2022, the court denied the motion. The defendant appeals.
The plaintiff's contention that the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint without addressing the merits because the defendant's motion constituted an improper successive summary judgment motion is without merit (see Walker v Kramer, 162 AD3d 827, 829; Maggio v 24 W. 57 APF, LLC, 134 AD3d 621, 625-626). In the May 2021 order, the court denied the defendant's prior motion, among other reasons, on the ground that the parties had not "had an adequate opportunity to conduct discovery" (Malaspina v Westchester Med. Ctr. Health Care Corp., 2021 NY Slip Op 33785[U], *2), in effect, authorizing a motion for summary judgment, without leave, at the close of discovery (see Walker v [*2]Kramer, 162 AD3d at 829). The plaintiff's assertion that the law of the case doctrine required denial of the defendant's motion is similarly without merit (see id.).
Nonetheless, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint on the merits. "In a premises liability case, a defendant property owner or occupant who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the alleged defective condition nor had actual or constructive notice of its existence. A defendant can also satisfy its prima facie burden by demonstrating that the allegedly dangerous conditions cited by the plaintiff were not a proximate cause of the accident" (Curto v Kahn Prop. Owner, LLC, 225 AD3d 660, 660-661 [alterations, citations, and internal quotation marks omitted]). "Generally, it is for the trier of fact to determine the issue of proximate cause," but "the issue . . . may be decided as a matter of law where only one conclusion may be drawn from the established facts" (Sang Woon Lee v Il Mook Choi, 132 AD3d 969, 970 [citations and internal quotation marks omitted]; see Singleton v Summus, 219 AD3d 1366, 1367). For example, "liability may not be imposed upon a party who merely furnished the condition or occasion for the occurrence of the event but was not one of its causes" (Estate of Goldstein v Kingston, 153 AD3d 1235, 1236 [internal quotation marks omitted]; see Harrington v New York City Tr. Auth., 223 AD3d 787, 788). "Similarly, a defendant satisfies its burden [for summary judgment] by establishing that the plaintiff cannot identify the cause of his or her accident" without engaging in "speculation" (Curto v Kahn Prop. Owner, LLC, 225 AD3d at 661 [internal quotation marks omitted]).
Here, to the extent that the plaintiff's negligence cause of action was premised upon a theory of liability that the defendant either created or had actual or constructive notice of the alleged wet floor condition on which the plaintiff slipped and fell, the defendant failed to establish, prima facie, that there were no triable issues of fact regarding whether the defendant's negligence proximately caused the plaintiff's accident. Viewing the evidence in the light most favorable to the plaintiff as the nonmoving party, the defendant failed to establish that the plaintiff could not identify the cause of his accident without engaging in speculation (see Bishop v Pennsylvania Ave. Mgt., LLC, 183 AD3d 685). In support of its motion, the defendant submitted, inter alia, the transcripts of the plaintiff's testimony from a hearing pursuant to General Municipal Law § 50-h and his deposition testimony. Contrary to the defendant's contention, the plaintiff's testimony did not establish that the plaintiff was relying upon mere speculation in asserting that the nurse knocked over the pitcher of water upon running to exit the room (see Kerzhner v New York City Tr. Auth., 170 AD3d 982, 983; Simion v Franklin Ctr. for Rehabilitation & Nursing, Inc., 157 AD3d 738, 739). Therefore, on the record presented, the defendant's submissions in support of its motion demonstrated a triable issue of fact as to whether the defendant created the alleged defective condition at issue (see Simion v Franklin Ctr. for Rehabilitation & Nursing, Inc., 157 AD3d at 739; White v L & M Corporate, Inc., 24 AD3d 659, 659).
Since the defendant failed to satisfy its initial burden as the movant, the Supreme Court properly denied its motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (see Harrington v New York City Tr. Auth., 223 AD3d at 790).
In light of our determination, we need not reach the parties' remaining contentions.
DUFFY, J.P., WOOTEN, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court