**Maddix v William Paley Found. Inc.**

2025 NY Slip Op 30845(U)

March 17, 2025

Supreme Court, New York County

Docket Number: Index No. 155441/2021

Judge: Lisa S. Headley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. LISA S. HEADLEY         PART           28

*Justice*

---------------------------------------------------------------X

PAUL MADDIX,

                   Plaintiff,

           - v -

WILLIAM PALEY FOUNDATION, INC.,BLADE
CONTRACTING, INC.,BLADE GENERAL CONTRACTING,
INC.,WLA ENGINEERING, P.C.

                Defendant.

---------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 155441/2021 |
| MOTION DATE | 10/09/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 69, 70, 71, 72, 73, 74, 76, 78, 79, 80, 81, 85

were read on this motion to/for              JUDGMENT - SUMMARY        .

## I. Background

The plaintiff, Paul Maddix ("Plaintiff"), was employed by defendant, Blade Contracting, Inc., as a bricklayer and was engaged in façade restoration work related to the demolition and construction at the construction site located at 1 East 53rd Street, New York, NY 10022 ("subject premises"). In the complaint, the plaintiff alleges that on June 5, 2018, he and his co-workers, Lester Jones and Orin Rhodes, were manually transporting precast stone slabs to the 10th floor of the subject premises for façade restoration work, and in an attempt to push the stones onto the windowsill through to the other side, the stone fell back and dropped to the floor and crushed and fractured his left foot. *(NYSCEF Doc. No. 1).* In the complaint, the plaintiff also alleges that the defendants created dangerous, hazardous and defective conditions at the subject premises, and violated the following provisions: *Labor Law §§ 200; 240(1); 241(6);* and *N.Y. Industrial Code §§ 23-1.5; 23-1.7(d)-(f); 23-1.22; 23-1.24; 23-1.27; 23-2.1(b); 23-6.1; 23-6.2; 23-6.3.* Defendants, William Paley Foundation ("William Paley") and Blade Contracting, Inc. and Blade General Contracting, Inc. (collectively, "The Blade defendants") each filed an Answer to Complaint. *(NYSCEF Doc. Nos. 38 and 39).* It should be noted that co-defendant, WLA Engineering, P.C., was discontinued from this action pursuant to the "Stipulation of Discontinuance," dated July 12, 2022. *(NYSCEF Doc. No. 27).*

## II. Plaintiff's Motion for Summary Judgment Motion Seq. No. 002

Before the Court is the plaintiff's motion for an Order, pursuant to *CPLR §3212,* granting summary judgment on the plaintiff's *Labor Law §240(1)* claim as against the defendant, William Paley. *(NYSCEF Doc. Nos. 35-85).* Defendant William Paley filed opposition to the motion. *(See, NYSCEF Doc. No. 69).* Plaintiff filed a reply. *(NYSCEF Doc. No. 79).*

**155441/2021 MADDIX, PAUL vs. WILLIAM PALEY FOUNDATION, INC. ET AL**
Motion No. 002

Page 1 of 5

[* 1]

1 of 5

The Blade defendants also filed opposition to the plaintiff's motion and filed a cross-motion for an Order granting summary judgment in favor of the Blade defendants. In addition, the Blade defendants seek to dismiss all causes of action and cross-claims asserted against them by the plaintiffs and co-defendant, William Paley. *(See, NYSCEF Doc. No. 71)*. In the cross-motion, the Blade defendants allege that the accident and plaintiff's injury involved ordinary risk inherent to the work performed and did not involve a specific failure to provide safety equipment, devices or safe working conditions.

A. Standard of Review

  a. *CPLR § 3212*

"It is well settled that 'the proponent of a summary judgment motion must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact." *Pullman v. Silverman*, 28 N.Y.3d 1060, 1062 (2016), *Alvarez v. Prospect Hosp.*, 68 N.Y.2d 320, 324 (1986). "Failure to make such showing requires denial of the motion regardless of the sufficiency of the opposing papers." *Winegard v. New York Univ. Med. Ctr.*, 64 N.Y.2d 851, 853 (1985) (*internal citations omitted*). "On a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." *CPLR § 3212*. "Once such *prima facie* showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to raise material issues of fact which require a trial of the action." *Cabrera v. Rodriquez*, 72 A.D.3d 553, 553-554 (1st Dep't 2010).

  b. *Labor Law §240(1)*

*Labor Law § 240(1)*, also known as "New York's Scaffold Law" imposes "absolute liability on building owners and contractors whose failure to provide proper protection to workers employed on a construction site proximately causes injury to a worker." *See, Wilinski v. 334 E. 92nd Hous. Dev. Fund. Corp.*, 18 N.Y.3d 1, 7 (2011). The Scaffold law states:

> "[a]ll contractors and owners and their agents, except owners of one
> and two-family dwellings who contract for but do not direct or
> control the work, in the erection, demolition, repairing, altering,
> painting, cleaning or pointing of a building or structure shall furnish
> or erect, or cause to be furnished or erected for the performance of
> such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks,
> pulleys, braces, irons, ropes, and other devices which shall be so
> constructed, placed and operated as to give proper protection to a
> person so employed."

*N.Y. Labor Law § 240(1)*.

The legislative intent behind the statute is to place the "ultimate responsibility for safety practices at building construction jobs...on the owner and general contractor, instead of on workers, who are scarcely in a position to protect themselves from accident." *Zimmer v. Chemung County Performing Arts*, 65 N.Y.2d 513, 520 (1985). The duty imposed by *Labor Law § 240(1)* is nondelegable, meaning that an owner or contractor who violates this duty can be held liable for damages, regardless of whether they exercised actual supervision or control over the work. *See, e.g., Haimes v. New York Tel. Co.*, 46 N.Y.2d 132, 136—137 (1978). With respect to a falling object, *Labor Law §240 (1)* applies where the falling of an object is related to "a significant risk inherent in ... the relative elevation ... at which materials or loads must be positioned or secured." *Rocovich v. Consolidated Edison Co.*, 78 N.Y.2d 509, 514 (1991).

**155441/2021 MADDIX, PAUL vs. WILLIAM PALEY FOUNDATION, INC. ET AL**
**Motion No. 002**

Page 2 of 5

2 of 5

In assessing liability under *New York's Scaffold Law*, the legislative intent behind *Labor Law § 240(1)* is to ensure that appropriate safety measures are in place, regardless of logistical challenges or inherent danger. *See, e.g. Rocovich v. Consolidated Edison Co.*, 78 N.Y.2d 509, 514 (1991). To prevail on a *Labor Law § 240(1)* claim, the plaintiff must establish that the violation of the statute was a proximate cause of his or her injuries. *Blake v. Neighborhood Hous. Servs. of New York City, Inc.*, 1 N.Y.3d 280, 286 (2003). Liability under the Scaffolding Law depends upon the injury having resulted from "the failure to use, or the inadequacy of ... a device" within the purview of the statute. *Ortiz v. Varsity Holdings, LLC*, 18 N.Y.3d 335, 340 (2011) (internal quotation marks omitted). Furthermore, when two conflicting versions of an event are presented, and under either version, safety devices are either absent or inadequate to protect the plaintiff, the existence of such conflicting accounts does not create an issue of material fact sufficient to preclude summary judgment. *See, Iuculano v. City of New York*, 214 A.D.3d 535 (1st Dep't 2023).

### B. Analysis

Defendant William Paley owns the subject premises pursuant to the contract executed between William Paley and Blade Contracting, Inc., dated July 20 2017. (*See, NYSCEF Doc. No. 41*). Defendant William Paley hired Blade Contracting, Inc., as the contractor to provide demolition and construction services, including façade restoration work, at the subject premises. *Id.* Plaintiff contends that his forman, Mr. Jabez Kerr, who also works for the Blade defendants, instructed the workers to manually lift the heavy stone, and that Mr. Kerr was aware of the inherent danger of the task and the difficulty faced by the workers due to the small and tight space. *(Id.; see also, NYSCEF Doc. No. 47)*. The plaintiff testified that the plaintiff and two of his co-workers lost control of a heavy stone while attempting to place the stone on a windowsill without any securing or hoisting devices. As a result, the stone slipped off the windowsill and fell straight down, crushing his leg. (*See, NYSCEF Doc. 42 at pp. 46-48, 51, 53, 84*).

In opposition, defendant William Paley argues that when an object is being handled by three experienced tradesmen no safety device is required since the stone was being placed in the window. Defendant William Paley argues that the Blade workers made the decision to move the stone by hand. (*See, NYSCEF Doc. No. 69*). Defendant William Paley also submits Mr. Curtis Sloley's deposition testimony, who testified that he was not present at the construction site, however he was informed by the foreman, Mr. Kerr, that the plaintiff dropped the stone "on his foot purposely". *(NYSCEF Doc. No. 45 at page 11, lines 19 - 24)*. Mr. Sloley also testified, *inter alia*, that Mr. Kerr arrived at the worksite after the plaintiff's accident, and Mr. Kerr was able to pick up the stone on one end, and it only weighed approximately 200 pounds. (*See. NYSCEF Doc. No. 46 at pp. 59*).

Mr. Sloley attests that the plaintiff and the Blade workers at the subject premises were instructed to set up planks resting on the tenth floor window ledge and the floor of the interior office to keep the stone on the plank and to slide the stone up to the windowsill where the other worker from outside the subject premises would then slide the stone down to the other side of the window while using another plank and attach the stone to a hoist to pick it up. *(NYSCEF Doc. No. 46 Mr. at pp. 50-51)*. The defendant William Paley acknowledged through Blade's supervisor's deposition testimony that the plaintiff and the Blade workers were not provided a hoist to perform their work. Mr. Sloley testified that there were no hoists available to the Blade workers at the time of the incident because it was not necessary. *(NYSCEF Doc. No. 46 Mr. at pp. 54, lines 6-14)*. Although, Mr. Sloley testified that a hoist was not used inside due to space constraints, this limitation does not eliminate the need for a safety device. Plaintiff's work involved positioning the load at a different level relative to his own. Mr. Sloley's testified that the intended method involved

155441/2021  MADDIX, PAUL vs. WILLIAM PALEY FOUNDATION, INC. ET AL.
Motion No. 002

Page 3 of 5

in moving the stone was sliding the stone upward on a plank. *(NYSCEF Doc. No. 46 Mr. Sloley at pp. 50-51, lines 22-25, 1).*

This Court finds that the defendant failed to provide adequate safety devices to the plaintiff, who was required to place the stone weighing 200 pounds through a tenth-floor windowsill. The owner or contractor should have devised an alternative method to ensure worker safety. *See, Rocovich v. Consolidated Edison Co., supra.* Here, the stone was unsecured and unsupported by any safety device while being held at an elevated position relative to the plaintiff. Thus, the plaintiff's work was subject to apparent risk arising from an elevation differential, which is precisely the type of hazard *Labor Law §240(1)* aims to mitigate. *Id.* The "ultimate responsibility for safety practices at building construction jobs" lies with the owner and the general contractor. This duty is nondelegable, meaning that the defendant can be held strictly liable for violating the duty, and be held liable for damages, regardless of whether they exercised actual supervision or control over the work. *Zimmer v. Chemung County Performing Arts,* 65 N.Y.2d 513, 520 (1985); *Haines v. New York Tel. Co.,* 46 N.Y.2d 132, 136-137 (1978)). Accordingly, the plaintiff's motion for an Order, pursuant to *CPLR §3212,* granting summary judgment on the plaintiff's *Labor Law §240(1)* claim as against the defendant-owner, William Paley is granted.

### III. Defendants Blade Contracting, Inc. and Blade General Contracting, Inc.'s Cross-Motion for Summary Judgment

A cross-motion is "merely a motion by any party against the party who made the original motion, made returnable at the same time as the original motion." *Patrick M. Connors, Practice Commentaries, McKinney's Cons. Laws of N.Y., Book 7B, CPLR C2215:1; see also, CPLR §2215); see also, Kershaw v. Hosp. for Special Surgery,* 114 A.D.3d 75, 87 (1st Dep't 2013). The Court has "held that [a] cross motion was not sufficiently related to the main motion and refused to entertain it." *Maggio v 24 W. 57 APF, LLC,* 134 A.D.3d 621, 628-29 (1st Dep't 2015) [internal citations omitted].

Here, the main motion filed by plaintiff sought summary judgment on the plaintiff's *Labor Law §240(1)* claim as against the defendant, William Paley. The Blade defendants filed a cross-motion seeking summary judgment and dismissal of all causes of action asserted against them by plaintiff for 1) negligence; 2) violation of *Labor Law §200;* 3) violation of *Labor Law §240(1);* 4) violation of *Labor Law §241(6);* and 5) violation of *N.Y. Industrial Code §§ 23-1.5; 23-1.7(d)-(f); 23-1.22; 23-1.24; 23-1.27; 23-2.1(b); 23-6.1; 23-6.2; 23-6.3,* and the dismissal of all cross-claims asserted by defendant William Paley for 1) common law indemnification; 2) common law contribution; 3) contractual indemnification; and 4) breach of contract for failure to procure insurance.

Plaintiff filed opposition to the cross-motion arguing this is not a true cross-motion since the plaintiff did not move against the Blade defendants in his own motion for summary judgment and that the movant-plaintiff in the main motion limited his arguments solely to *Labor Law §240(1),* with no mention of the common law negligence, *Labor Law §200* or *Labor Law §241(6)* causes of action. *(NYSCEF Doc. No. 79).* Defendant-owner, William Paley, did not file opposition to the Blade defendant's cross-motion. However, William Paley filed a separate motion seeking summary judgment in Motion Sequence Number 003. *(See, NYSCEF Doc. Nos. 57 - 86).*

Here, the Blade defendants' cross-motion improperly seeks relief from the nonmovant, William Paley. The cross-motion also seeks relief not related to the plaintiff's motion for summary

**155441/2021   MADDIX, PAUL vs. WILLIAM PALEY FOUNDATION, INC. ET AL**
**Motion No. 002**

Page 4 of 5

4 of 5

[* 4]

INDEX NO. 155441/2021

RECEIVED NYSCEF: 03/17/2025

judgment solely regarding *Labor Law §240(1)*." As such, this Court declines to consider the Blade defendants' cross-motion. *Id.*

Accordingly, it is hereby

**ORDERED** that the motion filed by plaintiff Paul Maddix for an Order, granting plaintiff summary judgment as to liability on his *Labor Law § 240(1)* claim is **GRANTED**; and it is further

**ORDERED** that as stated herein this Court declines to the consider the defendants, Blade Contracting, Inc. and Blade General Contracting, Inc.'s cross-motion for an Order granting summary judgment and dismissing all causes of action and cross-claims asserted against them by plaintiff and/or co-defendant William Paley since the cross-motion was not sufficiently related to the main motion; and it is further

**ORDERED** that any requested relief sought not expressly addressed herein has nonetheless been considered; and it is further

**ORDERED** that within 30 days of entry, movant-plaintiff shall serve a copy of this Decision/Order upon the all the parties with notice of entry.

This constitutes the Decision and Order of the Court.

| 3/17/2025 | | | | | | LISA S. HEADLEY, J.S.C. | |
|-----------|---|---|---|---|---|---|---|
| DATE | | | | | | | |
| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
| | X | GRANTED | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**155441/2021   MADDIX, PAUL vs. WILLIAM PALEY FOUNDATION, INC. ET AL**
Motion No. 002

Page 5 of 5

5 of 5