Plaintiff was injured while engaged in his duties as an employee of third-party defendant Thrift Land USA of Yonkers, Inc. (Thrift), which operates a warehouse on property leased from defendant/third-party plaintiff Velastate Corp. Plaintiff moved for summary judgment as to liability on his claim under Labor Law § 240 (1), and Velastate cross-moved for summary judgment dismissing the complaint on the ground that it was an alter ego of plaintiffs employer (Thrift) and, as such, immune from being sued by plaintiff under Workers’ Compensation Law §§11 and 29 (6) (see Shine v Duncan Petroleum Transp., 60 NY2d 22, 28 [1983, Cooke, Ch. J., concurring]). Supreme Court denied plaintiffs motion and granted Velastate’s cross motion, and plaintiff has appealed.
The cross motion should have been denied. In this action, Velastate is asserting a third-party claim for indemnity and contribution against Thrift. The pendency of a claim asserted in litigation by one corporation against the other suggests, on its face, that the entities have at least some adverse interests and, *402 in the absence of any explanation, it is impossible to conclude as a matter of law that Velastate and Thrift, however they may be related, “function[ ] as one company” and “share ... a common purpose” (Carty v East 175th St. Hous. Dev. Fund Corp., 83 AD3d 529, 529 [1st Dept 2011]) to such an extent that they should be considered alter egos.
Since it cannot be determined at this juncture whether Velastate is entitled to immunity under the Workers’ Compensation Law, plaintiff’s motion for summary judgment as to liability on his Labor Law § 240 (1) claim must be addressed on the merits. We find that the record raises issues of fact as to whether plaintiff was the sole proximate cause of his injuries. Specifically, the affidavits and depositions in the record give conflicting accounts of whether plaintiff freely chose the equipment he was using for his work when he was injured, used the equipment with his manager’s knowledge and tacit approval, or was directed to use the equipment by his manager. Accordingly, we affirm the denial of plaintiffs summary judgment motion. Concur — Andrias, J.E, Friedman, Acosta, Freedman and Richter, JJ.