Ohadi v Magnetic Constr. Group Corp. (2020 NY Slip Op 02278)





Ohadi v Magnetic Constr. Group Corp.


2020 NY Slip Op 02278


Decided on April 16, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 16, 2020

Renwick, J.P., Oing, Singh, Moulton, JJ.


11387 161586/14

[*1]Ala Ohadi, et al., Plaintiffs-Appellants-Respondents,
v
Magnetic Construction Group Corp., et al., Defendants-Respondents-Appellants, Sydell Group, LLC, et al., Defendants, Stonehill & Taylor Architects, P.C., et al., Defendants-Respondents. Magnetic Construction Group Corp., Third-Party Plaintiff-Respondent-Appellant, Haren & Keller Painting Corp., Third-Party Defendant-Respondent-Appellant, Cassway Construction Corp., et al., Third-Party Defendants-Respondents.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Michael H. Zhu of counsel), for appellants-respondents.
Law Office of James J. Toomey, New York (Evy L. Kazansky of counsel), for Magnetic Construction Group Corp., respondent-appellant.
Lester Schwab Katz & Dwyer, LLP, New York (Daniel S. Kotler of counsel), for 1170 Broadway Associates, LLC, respondent-appellant.
Pillinger, Miller, Tarallo, LLP, Elmsford (Mary Ellen O'Brien of counsel), for Haren & Keller Painting Corp., respondent-appellant.
Law Office of Tromello & Fishman, Tarrytown (Daniel Folchetti of counsel), for Stonehill & Taylor Architechts, P.C., respondent.
Havkins Rosenfeld Ritzert & Varriale, LLP, Mineola (Thomas Fogarty of counsel), for Cassway Contracting Corp., respondent.
Camacho Mauro Mulholland, LLP, New York (Kenneth G. Gerard of counsel), for A & G.V. Stucco Construction Corp., respondent.



Order, Supreme Court, New York County (Anthony Cannataro, J.), entered on or about [*2]July 9, 2018, which, insofar as appealed from, granted defendant Stonehill & Taylor Architect, P.C.'s motion for summary judgment dismissing the complaint and cross claims for common-law and contractual indemnification asserted against it by defendant 1170 Broadway Associates, LLC (1170 Broadway), denied plaintiff's motion for summary judgment as to liability on the Labor Law § 241(6) claim insofar as predicated on Industrial Code (12 NYCRR) § 23-1.7(e)(2), granted defendants' motion for summary judgment dismissing the Labor Law § 241(6) claim insofar as predicated on Industrial Code § 23-1.7(d), denied defendant/third-party defendant Haren & Keller Painting Corp.'s (H & K) motion for summary judgment dismissing the common-law negligence and Labor Law §§ 200 and 241(6) claims as against it, denied 1170 Broadway's motion for summary judgment dismissing the common-law negligence and Labor Law §§ 200 and 241(6) claims as against it and on its cross claims for contractual indemnification against defendant/third-party defendant Cassway Construction Corp. and for common-law and contractual indemnification against Stonehill & Taylor and defendant/third-party plaintiff Magnetic Construction Group Corp., and denied Magnetic's motion for summary judgment dismissing the common-law negligence and Labor Law §§ 200 and 241(6) claims as against it and all cross claims against it arising therefrom and on its cross claims for common-law indemnification against defendant/third-party defendant A & G.V. Stucco Construction Corp. and for common-law and contractual indemnification against H & K and Cassway, unanimously modified, on the law, to deny defendants' motion as to the Labor Law § 241(6) claim insofar as predicated on Industrial Code § 23-1.7(d), to grant H & K's motion as to the common-law negligence and Labor Law §§ 200 and 241(6) claims, grant 1170 Broadway conditional summary judgment on its contractual indemnification claims against Magnetic and Cassway, and grant Magnetic conditional summary judgment on its contractual indemnification claims against Cassway, and otherwise affirmed, without costs.
Plaintiff Ala Ohadi seeks to recover damages for injuries he allegedly sustained when he slipped and fell down a staircase at a building undergoing renovation where he was working. He asserts claims for, inter alia, common-law negligence and violations of Labor Law §§ 200 and 241(6). Contrary to 1170 Broadway's, Magnetic's and H & K's contentions, plaintiff's identification of the cause of his slip and fall is not merely speculation. He testified that after he fell down the stairs, the steps he could see from the bottom of the staircase were dusty, his clothes were dusty, and his jacket was wet with paint. Further, there is testimony in the record that the walls of the stairway had been sanded and painted before plaintiff's accident. Giving plaintiff the benefit of every favorable inference in opposition to defendants' motions for summary judgment, we find that an issue of fact exists as to whether dust and paint from sanding and/or painting that had been done in the stairway caused him to slip and fall (see Hecker v New York City Hous. Auth., 245 AD2d 131 [1st Dept 1997]; cf. Zanki v Cahill, 2 AD3d 197 [1st Dept 2003] [the plaintiff could only speculate that the slip and fall down stairs was attributable to spillage where she did not see anything on stairs before or after accident, and the wet sleeve she observed after fall could be attributed to other causes], affd 2 NY3d 783 [2004]).
Industrial Code § 23-1.7(e)(2) may serve as a predicate for plaintiff's Labor Law § 241(6) claim, as it applies to slipping as well as tripping hazards (Serrano v Consolidated Edison Co. of N.Y., Inc., 146 AD3d 405, 406 [1st Dept 2017], lv dismissed 29 NY3d 1118 [2017]; Lopez v City of N.Y. Tr. Auth., 21 AD3d 259, 259-260 [1st Dept 2005]). However, plaintiff is not entitled to partial summary judgment on the claim, because an issue of fact exists as to whether he slipped on dirt or debris that had accumulated on the stairs in violation of Industrial Code § 23-1.7(e)(2).
Industrial Code § 23-1.7(d) is applicable to plaintiff's accident. While a staircase used to provide access to a job site is not a passageway or other working surface within the meaning of the provision unless it is the sole means of access (Wowk v Broadway 280 Park Fee, LLC, 94 AD3d 669, 670 [1st Dept 2012]; Blysma v County of Saratoga, 296 AD2d 637, 638 [3d Dept 2002]), the provision is applicable if the staircase was a work area (see Luciano v New York City Hous. Auth., 157 AD3d 617 [1st Dept 2018]; Whalen v City of New York, 270 AD2d 340, 342 [2d Dept 2000]). An issue of fact exists as to whether the staircase on which plaintiff fell was a work area, regardless of whether work was being performed there at the exact moment of his accident.
Insofar as Magnetic was delegated authority for the injury-producing work, retained subcontractors to perform the injury-producing work, and was responsible for clean-up at the site, it may be held liable under Labor Law § 241(6) as a statutory agent (Russin v Louis N. Picciano & Son, 54 NY2d 311, 317-318 [1981]; Nascimento v Bridgehampton Constr. Corp., 86 AD3d 189, 193 [1st Dept 2011]). Further, the motion court correctly refused to dismiss the common-law negligence and Labor Law § 200 claims against 1170 Broadway and Magnetic. In the absence of evidence as to the last time the stairway was cleaned or inspected before the accident, 1170 Broadway and Magnetic failed to demonstrate that they lacked constructive notice of the dangerous condition that allegedly caused plaintiff's injury (Pereira v New Sch., 148 AD3d 410, 412-413 [1st Dept 2017]).
However, the common-law negligence and Labor Law §§ 200 and 241(6) claims must be dismissed as against H & K. It is uncontested that H & K completed its work in the subject stairway more than two months before plaintiff's accident, and Magnetic never received any complaints about the condition of the stairs. Accordingly, H & K could not have been responsible for any work that caused plaintiff's accident, and it had no duty to inspect or otherwise keep the premises clean (see Morales v Spring Scaffolding, Inc., 24 AD3d 42, 46-47 [1st Dept 2005]; DeSimone v City of New York, 121 AD3d 420, 421-422 [1st Dept 2014]).
The court correctly concluded that Stonehill & Taylor acted solely as a design professional and therefore dismissed the common-law negligence and Labor Law §§ 200 and 241(6) claims, as well as 1170 Broadway's cross claims, as against it (see Lopez v Dagan, 98 AD3d 436, 437 [1st Dept 2012], lv denied 21 NY3d 855 [2013]; Walker v Metro-North Commuter R.R., 11 AD3d 339, 341 [1st Dept 2004]; Labor Law § 241[9]).
Finally, because issues of fact exist as to 1170 Broadway's and Magnetic's negligence, they are not entitled to summary judgment on their common-law negligence claims (Maggio v 24 W. 57 AFP, LLC, 134 AD3d 621, 627 [1st Dept 2015]). However, 1170 Broadway is entitled to conditional summary judgment on its contractual indemnification claims against Magnetic and Cassway, i.e., it will be entitled to contractual indemnification to the extent that plaintiff's injuries are found to have arisen from Magnetic's and Cassway's acts or omissions. Similarly, Magnetic is entitled to conditional summary judgment on its contractual indemnification claim against Cassway, i.e., it will be entitled to contractual indemnification to the extent that plaintiff's injuries are found to have arisen from Cassway's acts or omissions (id. at 627-628).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 16, 2020
CLERK