Body Glove IP Holdings LP v On Five Corp. (2023 NY Slip Op 03400)

Body Glove IP Holdings LP v On Five Corp.

2023 NY Slip Op 03400

Decided on June 22, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 22, 2023

Before: Renwick, P.J., Kennedy, Scarpulla, Shulman, Higgitt, JJ. 

Index No. 652857/21 Appeal No. 526 Case No. 2023-00058 

[*1]Body Glove IP Holdings LP, Plaintiff-Appellant,
v
On Five Corporation, Defendant. JP Morgan Chase Bank, N.A., Nonparty Respondent.

The Law Office of Thomas M. Mullaney, New York (Thomas M. Mullaney of counsel) for appellant.
Stagg Wabnik Law Group LLP, Garden City (Thomas E. Stagg of counsel), for respondent.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered November 17, 2022, which denied plaintiff's motion to hold nonparty respondent JP Morgan Chase in contempt, unanimously affirmed, with costs.
It is undisputed that the amended notice of motion did not comport with the requirements of Judiciary Law § 756 because it did not state on its face that the punishment for contempt may consist of a fine or imprisonment, or both, and omitted a word from the legend (see Matter of Devine, 126 AD2d 491, 495 [1st Dept 1987]). An application to punish for contempt that does not contain the requisite warnings provided in Judiciary Law § 756 must be denied as the requirements are jurisdictional (id.). Contrary to plaintiff's claim, the mere filing of a notice of appearance prior to the time required for a responsive pleading does not constitute a waiver of an objection to personal jurisdiction (see MTGLQ Invs., L. P. v Shay, 190 AD3d 527, 529 [1st Dept 2021], lv denied 37 NY3d 908 [2021]). Here, the record reflects that nonparty respondent objected to jurisdiction at the first opportunity, in opposition to plaintiff's motion.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 22, 2023