Bradley v NYU Langone Hosps. (2024 NY Slip Op 00221)

Bradley v NYU Langone Hosps.

2024 NY Slip Op 00221

Decided on January 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 18, 2024

Before: Oing, J.P., Kennedy, Mendez, Rodriguez, Michael, JJ. 

Index No. 161006/18 595521/19 Appeal No. 1454 Case No. 2023-00378 

[*1]Nacorra Bradley, Plaintiff-Respondent-Appellant,
v
NYU Langone Hospitals et al., Defendants-Appellants-Respondents, Exterior Wall and Building Consultants, Inc., Defendant.
NYU Langone Hospitals et al., Third Party Plaintiffs-Appellants-Respondents.
v
ASR Electrical Contracting, Inc., Third Party Defendant-Respondent.
[And A Second Third Party Action]

Kennedys CMK LLP, New York (Hilary F. Simon of counsel), for appellants-respondents.
The Perecman Firm, P.L.L.C., New York (Zachary Perecman of counsel), for respondent-appellant.
Black Marjieh & Sanford LLP, Elmsford (James J. Lofrese of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered January 5, 2023, which, insofar as appealed from as limited by the briefs, denied defendants NYU Langone Hospitals and Hunter Roberts Construction Group, LLC's motion for summary judgment dismissing plaintiff's negligence, Labor Law §§ 200 and 241(6) claims and on their contractual indemnification claim against third-party defendant ASR Electrical Contracting, Inc. (ASR), granted ASR's motion for summary judgment dismissing defendant NYU Langone' contractual indemnification claim against it, and denied plaintiff's cross-motion for summary judgment on her Labor Law § 241(6) claim and dismissing NYU Langone and Hunter's comparative fault affirmative defense, unanimously modified, on the law, to deny ASR's motion for summary judgment dismissing NYU Langone's contractual indemnification claim as against it, grant plaintiff's motion to dismiss the comparative fault affirmative defense, and otherwise affirmed, without costs.
Plaintiff alleges that she sustained injuries while working at a construction project when she slipped on a staircase that was wet from rain coming in through the opened roof. Defendants NYU Langone and Hunter failed to demonstrate entitlement to dismissal of the Labor Law § 200 and common-law negligence claims since they failed to establish that they neither created the dangerous condition or lacked actual or constructive notice of the wet staircase (Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 144 [1st Dept 2012]). Defendants' reliance on testimony that the staircase would not get wet because of its metal grate system preventing water from collecting is unavailing, as that testimony did not positively demonstrate that the grate could not have been slippery during the heavy rain occurring at the time of the accident.
Summary judgment dismissing the Labor Law § 241(6) claim was properly denied. Plaintiff predicated her claim on a violation of Industrial Code (12 NYCRR) § 23-1.7(d), which provides that "[e]mployers shall not suffer or permit any employee to use a . . . passageway . . . which is in a slippery condition . . . . [W]ater . . . which may cause slippery footing shall be removed, . . . or covered to provide safe footing." A "staircase used to provide access to a job site is not a passageway or other working surface within the meaning of the provision unless it is the sole means of access" (Ohadi v Magnetic Constr. Group Corp., 182 AD3d 474, 476 [1st Dept 2020]). Defendants did not conclusively demonstrate that there was another staircase that plaintiff could have used, and plaintiff did not conclusively establish that the staircase she used was the only means of access to the second-floor work site. Accordingly, neither defendants nor plaintiff met their initial burden in support of their respective motions for summary judgment on the Labor Law § 241(6) claim.
However, plaintiff demonstrated prima facie that she was not at fault in connection with [*2]the accident, which occurred as she was walking up the stairs holding the handrail. In opposition, defendants offered no evidence that would support the comparative fault defense, other than a speculative claim that she should have seen what was there to be seen (see Ellerin-Diefenbach v Autumn Sky Dev. Co., Inc., 208 AD3d 456, 457 [2d Dept 2022]).
ASR did not establish its entitlement to summary judgment dismissing defendant NYU Langone's claim for contractual indemnification under the subcontract between Hunter and ASR. Although NYU Langone was not specifically named as an indemnitee, the subcontract defines indemnitees to include not only Hunter and "NYU Hospital Center," but also their respective "parents," "affiliates," "joint venturers," and "anyone else acting for or on behalf of any of them" as well as "any other indemnitee required under the General Contract or others reasonably requested to be named." ASR did not submit any evidence to show that NYU Langone was not an indemnitee under that broad definition. The court erred in finding that only a named entity was entitled to indemnification because that interpretation renders portions of the contracted indemnification provision meaningless (Bradley v Earl B. Feiden, Inc., 8 NY3d 265, 274 [2007]). On the other hand, the court correctly concluded that NYU Langone is not entitled to summary judgment on its contractual indemnification claim because it failed to submit any evidence to clearly establish an intention to indemnify it implied "from the language and purposes of the entire agreement and the surrounding facts and circumstances" (Drzewinski v Atlantic Scaffold & Ladder Co.,70 NY2d 774, 777 [1987]). The court also properly denied the branch of the motion seeking summary judgment on Hunter's contractual indemnification claim, as triable issues of fact remain concerning whether Hunter was negligent by failing to ensure that workers were covered by a roof during rain, whether the staircase was wet when the accident happened, and whether, if so, it had actual or constructive notice of that condition (Spielmann v 170 Broadway NYC LP, 187 AD3d 492, 494 [1st Dept 2020]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 18, 2024