## MacMenamin v 95th & Third LLC

2024 NY Slip Op 31741(U)

May 20, 2024

Supreme Court, New York County

Docket Number: Index No. 155551/2018

Judge: Louis L. Nock

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**    <u>HON. LOUIS L. NOCK</u>

*Justice*

| | |
|---|---|
| **PART** | **38M** |

-----------------------------------------------------------------------------X

PATRICK MacMENAMIN,

                         Plaintiff,

              -against-

95TH AND THIRD LLC and GILBANE BUILDING COMPANY,

                         Defendants.

| | |
|---|---|
| **INDEX NO.** | 155551/2018 |
| **MOTION DATE** | 06/22/2023, 06/22/2023, 06/22/2023 |
| **MOTION SEQ. NO.** | 005 006 007 |

**DECISION + ORDER ON MOTION**

-----------------------------------------------------------------------------X

95TH AND THIRD LLC and GILBANE BUILDING COMPANY,

                       Third-Party Plaintiffs,

              -against-

TRANSEL ELEVATOR & ELECTRIC INC. and BSIS, INC.,

                       Third-Party Defendants.

Third-Party
Index No. 595721/2018

-----------------------------------------------------------------------------X

TRANSEL ELEVATOR & ELECTRIC INC.,

                       Second Third-Party Plaintiff,

              -against-

TRADE OFF LLC,

                       Second Third-Party Defendant.

Second Third-Party
Index No. 595840/2021

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document numbers (Motion 005) 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 198, 207, 210, 214, 215, 216, 217, and 226

were read on this motion by plaintiff for        <u>     SUMMARY JUDGMENT     </u>.

The following e-filed documents, listed by NYSCEF document numbers (Motion 006) 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 199, 208, 211, 212, 218, 220, 221, 222, 225, 227, 228, 229, 230, 231, and 232

were read on this motion by defendants and second third-party defendant for    <u>     SUMMARY JUDGMENT     </u>.

**155551/2018   MACMENAMIN, PATRICK vs. 95TH AND THIRD LLC**                       **Page 1 of 14**
**Motion No. 005 006 007**

[* 1]

The following e-filed documents, listed by NYSCEF document numbers (Motion 007) 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 206, 209, 213, 219, 223, and 224
were read on this motion by third-party
defendant BSIS, Inc., for                SUMMARY JUDGMENT                .

LOUIS L. NOCK, J.

Plaintiff brings this action for violations of Labor Law §§ 200 and 241(6), as well as common-law negligence, alleging that he tripped, slipped, and fell while performing construction work. Plaintiff moves for summary judgment as to liability on his Labor Law §§ 200 and 241(6) and common-law negligence claims against defendants/third-party plaintiffs 95th and Third LLC ("Owner") and Gilbane Building Company ("Gilbane") (Mot. Seq. No. 005). Owner and Gilbane move for summary judgment dismissing said claims and all counterclaims against them, as well as summary judgment on their contractual indemnification claim against third-party defendant/second third-party plaintiff Transel Elevator & Electric Inc. ("TEI") and third-party defendant BSIS, Inc. ("BSIS") (Mot. Seq. No. 006). Second third-party defendant Trade Off LLC ("Trade Off") also moves (within the context of Mot. Seq. No. 006) for summary judgment dismissing the third-party complaint and any and all cross-claims against it. Finally, BSIS moves for summary judgment dismissing the third-party complaint and any and all cross-claims against it (Mot. Seq. No. 007). Motion sequence numbers 005 through 007 are consolidated for disposition in accordance with the following memorandum.

**Background**

The action concerns an alleged construction accident, in which plaintiff, an elevator constructor, sustained injuries at a worksite located at 200 East 95th Street, New York, New York (the "Premises") (MacMenamin EBT tr, NYSCEF Doc. No. 119 at 21). Owner and Gilbane were the property owner and construction manager, respectively, of the Premises (construction management agreement, NYSCEF Doc. No. 128; Felipe EBT tr, NYSCEF Doc.

[* 2]

No. 122 at 22; Feit EBT tr, NYSCEF Doc. No. 123 at 21). Gilbane retained subcontractors Trade Off for cleaning services and TEI for elevator installation services (TEI contract agreement, NYSCEF Doc. No. 182; Trade Off short form contract agreement, NYSCEF Doc. No. 183). TEI, in turn, subcontracted part of its work to BSIS, plaintiff's employer at the time of the alleged accident (MacMenamin EBT tr, NYSCEF Doc. No. 119 at 20).

According to plaintiff, at approximately 2:30 PM on May 15, 2017, he was transporting elevator materials in the Premises, when he slipped or tripped and fell, resulting in injuries (*id.* at 70, 117). Plaintiff's assignment that day was to unload elevator materials from a truck onto a cart and transport the loaded cart to the opening of the elevator shaft on each floor (*id.* at 71-73). On the 27th floor, plaintiff found construction debris on the floor, which impeded his ability to push the cart, requiring him to clear a path (*id.* at 89-92, 100-101). The debris included metal studs, wood, rebar, sheetrock, nails, and screws, some of which were piled together and others scattered about (*id.* at 91-92). As he was clearing the debris, plaintiff tripped on construction material and slipped on a wet and oily substance, thereby falling backwards onto the concrete floor (*id.* at 94, 121, 125).

There is dispute in the record whether, preceding plaintiff's fall, he: (i) slipped and then tripped; (ii) tripped and then slipped; (iii) only tripped; or (iv) neither (*id.* at 98, 121-122; NYSCEF Doc. No. 120 at 331, 336; NYSCEF Doc. No. 121 at 369-370; C-3 report, NYSCEF Doc. No. 184; doctor's note, NYSCEF Doc. No. 185). Plaintiff observed neither the type of debris on which he allegedly tripped (MacMenamin EBT tr, NYSCEF Doc. No. 121 at 463) nor the wet and oily substance on which he allegedly slipped (MacMenamin EBT tr, NYSCEF Doc. No. 119 at 106, 122).

[* 3]

**Standard of Review**

Summary judgment is appropriate where there are no disputed material facts (*Andre v Pomeroy*, 35 NY2d 361, 364 [1974]). The moving party must tender sufficient evidentiary proof to warrant judgment as a matter of law (*Zuckerman v City of N.Y.,* 49 NY2d 557, 562 [1980]). "Failure to make such prima facie showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986] [internal citations omitted]). Once a movant has met this burden, "the burden shifts to the opposing party to submit proof in admissible form sufficient to create a question of fact requiring a trial" (*Kershaw v Hospital for Special Surgery*, 114 AD3d 75, 82 [1st Dept 2013]). "[I]t is insufficient to merely set forth averments of factual or legal conclusions" (*Genger v Genger*, 123 AD3d 445, 447 [1st Dept 2014] [internal citation omitted], *lv denied* 24 NY3d 917 [2015]). Moreover, the reviewing court should accept the opposing party's evidence as true (*Hotopp Assocs. v Victoria's Secret Stores*, 256 AD2d 285, 286-287 [1st Dept 1998]), and give the opposing party the benefit of all reasonable inferences (*Negri v Stop & Shop, Inc.*, 65 NY2d 625, 626 [1985]). Therefore, if there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*Rotuba Extruders, Inc., v Ceppos*, 46 NY2d 223, 231 [1978]).

**Discussion**

*Labor Law § 200 and Common-Law Negligence*

Labor Law § 200 "is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work" (*Singh v Black Diamonds LLC*, 24 AD3d 138, 139 [1st Dept 2005], citing *Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]). Labor Law § 200 (1) states, in pertinent part, as follows:

[* 4]

> All places to which this chapter applies shall be so constructed, equipped, arranged, operated and conducted as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein or lawfully frequenting such places. All machinery, equipment, and devices in such places shall be so placed, operated, guarded, and lighted as to provide reasonable and adequate protection to all such persons.

There are two distinct standards applicable to section 200 cases, depending on the kind of situation involved: (1) when the accident is the result of the means and methods used by a contractor to do its work, and (2) when the accident is the result of a dangerous condition that is inherent in the premises (*see McLeod v Corporation of Presiding Bishop,* 41 AD3d 796, 797-798 [2d Dept 2007]; *see also Griffin v New York City Tr. Auth.*, 16 AD3d 202, 202 [1st Dept 2005]).

"Where a plaintiff's claims implicate the means and methods of the work, an owner or a contractor will not be held liable under Labor Law § 200 unless it had the authority to supervise or control the performance of the work" (*LaRosa v Internap Network Servs. Corp.*, 83 AD3d 905, 909 [2d Dept 2011]). Specifically, "liability can only be imposed against a party who exercises *actual* supervision of the injury-producing work" (*Naughton v City of N.Y.,* 94 AD3d 1, 11 [1st Dept 2012]). However, where an injury stems from a dangerous condition inherent in the premises, an owner or contractor may be liable in common-law negligence and under Labor Law § 200 when the owner or contractor "'created the dangerous condition causing an injury or when the owner failed to remedy a dangerous or defective condition of which he or she had actual or constructive notice'" (*Mendoza v Highpoint Assocs., IX, LLC*, 83 AD3d 1, 9 [1st Dept 2011], quoting *Chowdhury v Rodriguez*, 57 AD3d 121, 128 [2d Dept 2008]).

To the extent that the Labor Law § 200 claim implicates the means and methods of the work, plaintiff fails to demonstrate *prima facie* that either Owner or Gilbane exercised supervision or control over his work methods. Plaintiff admitted that he received instructions for

his assignment only from BSIS, his employer, not from Gilbane (MacMenamin EBT tr, NYSCEF Doc. No. 119 at 35, 47, 58). As Gilbane's general superintendent testified, although Gilbane oversaw the daily coordination of the subcontractors, it did not directly control or supervise the subcontractors' work (Feit EBT tr, NYSCEF Doc. No. 123 at 16, 22, 78). "[G]eneral supervisory authority over the construction site . . . is insufficient to demonstrate control over plaintiff's work" (*Herrero v 2146 Nostrand Ave. Assocs., LLC*, 193 AD3d 421, 423 [1st Dept 2021]). Thus, the absence of supervisory authority precludes Owner's or Gilbane's liability on a theory of means and methods (*Naughton*, 94 AD3d at 11).

Plaintiff further argues that the construction debris on which he allegedly tripped and the wet and oily substance on which he allegedly slipped constitute a dangerous condition under Labor Law § 200. Specifically, "a dangerous condition [is one] that existed prior to plaintiff's arrival at the job site [and] it was not part of the work plaintiff was performing" (*DeMercurio v 605 W. 42nd Owner LLC*, 172 AD3d 467, 467 [1st Dept 2019], quoting *Prevost v One City Block LLC*, 155 AD3d 531, 534 [1st Dept 2017]). In opposition, defendants dispute that a dangerous or unsafe condition existed, namely due to plaintiff's inability to identify the construction debris that caused him to trip. However, lack of specificity in plaintiff's testimony as to the cause of his injury does not eliminate material issues of fact whether a dangerous condition existed (*see Carrera v Westchester Triangle Hous. Dev. Fund Corp.*, 116 AD3d 585, 587 [1st Dept 2014]).

However, issues of fact exist whether defendants had actual or constructive notice of a dangerous condition. Nothing in the record shows that either Owner or Gilbane was aware of the presence of construction debris or a wet and oily substance on the 27th floor, precluding actual knowledge. "To constitute constructive notice, a defect must be visible and apparent, and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to

[* 6]

discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). Here, Gilbane's general superintendent testified that Gilbane employed a site safety manager, who conducted regular walkthroughs of the building to identify potential hazards and maintained a daily log (Feit EBT tr, NYSCEF Doc. No. 123 at 23). According to Gilbane's fire safety manager – Thomas Felipe – Trade Off personnel also conducted walk-throughs of the building to determine whether debris needed to be removed (Felipe EBT tr, NYSCEF Doc. No. 122 at 57). Trade Off's field supervisor at the time testified that Gilbane would direct Trade Off where to clean, sweep, and move material (Hagedorn EBT tr, NYSCEF Doc. No. 127 at 20). Absent evidence as to the last time the 27th floor was cleaned or inspected by Gilbane or Trade Off before the accident, triable issues of fact exist whether defendants lacked constructive notice of the dangerous condition (*see Ohadi v Magnetic Constr. Grp. Corp.*, 182 AD3d 474, 476, [1st Dept 2020]; *Cavedo v Flushing Commons Prop. Owner, LLC*, 217 AD3d 561, 562 [1st Dept 2023]).

Accordingly, plaintiff's motion for summary judgment on his Labor Law § 200 and common-law negligence claims (re: Mot. Seq. No. 005), and the motion by defendants/third-party-plaintiffs and second-third-party-defendant for summary judgment dismissing same (re: Mot. Seq. No. 006) are denied.

*Labor Law § 241(6)*

Labor Law § 241 (6) provides, in pertinent part, as follows:

> All contractors and owners and their agents, . . . when constructing or demolishing buildings or doing any excavating in connection therewith, shall comply with the following requirements:
>
> * * *
>
> (6)  All areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, [and]

> equipped . . . as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places.

Labor Law § 241(6) imposes a nondelegable duty of reasonable care upon owners and contractors "'to provide reasonable and adequate protection and safety' to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed" (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 348 [1998]). Importantly, to sustain a Labor Law § 241(6) claim, it must be shown that the defendant violated a specific, "concrete" implementing regulation of the Industrial Code, rather than a provision containing only generalized requirements for worker safety (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505 [1993]). Such violation must be a proximate cause of the plaintiff's injuries (*Annicaro v Corporate Suites, Inc.*, 98 AD3d 542, 544 [2d Dept 2012]).

As an initial matter, Gilbane argues that this claim should be dismissed against it because it is not a proper Labor Law defendant, as the agreement between Owner and Gilbane refers to Gilbane as "construction manager," rather than "general contractor" (construction management agreement, NYSCEF Doc. No. 128). However, "[t]he label of construction manager versus general contractor is not necessarily determinative" (*Walls v Turner Const. Co.*, 4 NY3d 861, 864 [2005]). Under its contract with Owner, Gilbane assumed responsibility to oversee "completion of the Project" and "supervise the performance of the Work by Trade Contractors," as well as "primary responsibility for Site Safety" (construction management agreement, NYSCEF Doc. No. 128 at 1; 8, Article 3.4(b); 66, Article 17.1.1). Gilbane's general superintendent testified that Gilbane was responsible for bringing the project to fruition (Felipe EBT tr, NYSCEF Doc. No. 122 at 21). Further, no other entity at the Premises apparently held the position of general contractor. Thus, the court finds that Gilbane's "broad responsibility"

[* 8]

renders it liable as a statutory agent under the Labor Law (*Walls*, 4 NY3d 861 at 864; *see also Lind v Tishman Constr. Corp.*, 180 AD3d 505, 505 [1st Dept 2020]).

For its Labor Law § 241(6) claim, plaintiff relies on two provisions of the Industrial Code, 12 NYCRR 23-1.7(d) and (e). 12 NYCRR 23-1.7(d), which pertains to slipping hazards, provides that an employer "shall not suffer or permit any employee to use a floor, passageway, walkway, scaffold, platform or other elevated working surface which is in a slippery condition," and "[i]ce, snow, water, grease and any other foreign substance which may cause slippery footing shall be removed, sanded or covered to provide safe footing." 12 NYCRR 23-1.7(e), which pertains to tripping hazards in passageways and working areas, provides that (1) "passageways shall be kept free from accumulations of dirt and debris and from any other obstructions or conditions which could cause tripping" and (2) "parts of floors, platforms and similar areas where persons work or pass shall be kept free from accumulations of dirt and debris and from scattered tools and materials and from sharp projections insofar as may be consistent with the work being performed." Both provisions have been found sufficiently specific to support a claim under Labor Law § 241(6) (*e.g., Rizzuto*, 91 NY2d 343 at 351 [12 NYCRR 23-1.7(d)]; *Lois v Flintlock Const. Servs., LLC*, 137 AD3d 446, 447 [1st Dept 2016] [12 NYCRR 23-1.7(e)(1) and (2)]).

Defendants Owner, Gilbane, and Trade Off object to plaintiff's reliance on 12 NYCRR 23-1.7(d), which was not previously pled in the bill of particulars; but fail to show how an amended pleading would unfairly surprise or prejudice them (*see Francescon v Gucci Am., Inc.*, 71 AD3d 528, 529 [1st Dept 2010]). The additional alleged violation of the Code entails no new factual allegations and raises no new theories of liability (*id.*). Therefore, the court grants plaintiff leave to amend the bill of particulars to the extent of adding an allegation of a violation

of 12 NYCRR 23-1.7(d). However, defendants correctly assert that 12 NYCRR 23-1.7(e)(1) is inapplicable to the facts of this case, because plaintiff testified that the accident occurred in an open area with no walls (MacMenamin EBT tr, NYSCEF Doc. No. 119 at 101), not a passageway within the meaning of that provision (*see Quigley v Port Auth.,* 168 AD3d 65, 67 [1st Dept 2018] ["Although the regulations do not define the term 'passageway' . . . , courts have interpreted the term to mean a defined walkway or pathway used to traverse between discrete areas as opposed to an open area"] [internal quotation marks and citations omitted]).

Plaintiff alleges that violations of 12 NYCRR 23-1.7(d) and (e)(2) proximately caused his injuries; but fails to show that such violations are attributable to defendants. Plaintiff's uncontroverted testimony alleges that while clearing a path to carry out his task, he was injured when he tripped on construction debris and/or slipped on a wet and oily substance. There is no dispute that an accumulation of construction debris in an open area would violate 12 NYCRR 23-1.7(e)(2) or a wet and oily foreign substance would cause a slippery condition under 12 NYCRR 23-1.7(d). Thus, plaintiff has shown that 12 NYCRR 23-1.7(d) and (e)(2) apply under the circumstances, these regulations were violated, and the violations contributed to his injuries (*see*, *Bazdaric v Almah Partners LLC*, 41 NY3d 310, 318 [2024]). In opposition, defendants submit no evidence contradicting plaintiff's account of the accident (*see Piedra v 111 W. 57th Prop. Owner LLC*, 219 AD3d 1235, 1235 [1st Dept 2023] [granting plaintiff's motion for summary judgment on his Labor Law § 241(6) claim, predicated on the Industrial Code, 12 NYCRR § 23-1.7 (e)(2), where in opposition "defendants submitted no evidence controverting plaintiff's sole account of the accident"]). While defendants point to inconsistencies within plaintiff's testimony as to exactly how the accident occurred—whether he tripped or slipped, or

both—they fail to establish that neither a tripping hazard nor a slipping hazard proximately caused plaintiff's injury. Further, 12 NYCRR 23-1.7 (e)(2) applies to both slipping and tripping hazards (*see Ohadi*, 182 AD3d 474 at 476).

However, while violations of 12 NYCRR 23-1.7(d) and (e)(2) constitute "*some evidence of negligence*" (*Rizzuto*, 91 NY2d 343 at 351 [emphasis in original]), triable issues of fact exist as to whether "someone within the chain of the construction project was negligent" (*id.*). Nothing in the record indicates the source of the construction debris or the wet and oily substance. "[F]actual issues nonetheless remain as to whether someone in the chain of responsible employees on the construction project had actual or constructive notice of the alleged hazardous condition that caused plaintiff's trip and fall" (*Cavedo*, 217 AD3d 561 at 562, citing *Rizzuto*, 91 NY2d 343 at 348-50).

Accordingly, the court grants defendants' motion for summary judgment dismissing plaintiff's Labor Law § 241(6) claim insofar as predicated on 12 NYCRR 23-1.7(e)(1) (re: Mot. Seq. No. 006), and denies plaintiff's motion for summary judgment on the Labor Law § 241(6) claim (re: Mot. Seq. No. 005) as well as the motion by defendants/third-party-plaintiffs and second-third-party-defendant for summary judgment of dismissal of said claim (re: Mot. Seq. No. 006) premised on 12 NYCRR 23-1.7(d) and (e)(2). Plaintiff's Labor Law § 241(6) claim, insofar as premised on the other Industrial Code provisions, is dismissed as abandoned, for plaintiff's failure to oppose defendants' arguments for dismissal of those claims (*see Romano v New York City Transit Auth.*, 213 A.D.3d 506, 508 [1st Dept 2023]).

Given the above, Owner and Gilbane's motion for summary judgment on their contractual indemnification claim against TEI is denied as premature (Mot. Seq. No. 006). So, too, is their motion for summary judgment dismissing all counterclaims against them. Likewise,

Trade Off's summary judgment motion dismissing the second third-party complaint against it is denied as premature.

*Contribution, Indemnification, and Failure to Procure Insurance*

Owner and Gilbane also move for summary judgment on their contractual indemnification claim against plaintiff's employer, BSIS. BSIS moves for summary judgment of dismissal of Owner's and Gilbane's third-party claim against it for contribution, common-law indemnification, contractual indemnification, and failure to procure insurance (Mot. Seq. No. 007).

Generally speaking, an employer may not be held liable for contribution or common-law indemnification except where an employee has suffered a "grave injury" (Workers' Compensation Law § 11[1]). The statute provides as follows:

> An employer shall not be liable for contribution or indemnity to any third person based upon liability for injuries sustained by an employee acting within the scope of his or her employment for such employer unless such third person proves through competent medical evidence that such employee has sustained a 'grave injury' which shall mean only one or more of the following: death, permanent and total loss of use or amputation of an arm, leg, hand or foot, loss of multiple fingers, loss of multiple toes, paraplegia or quadriplegia, total and permanent blindness, total and permanent deafness, loss of nose, loss of ear, permanent and severe facial disfigurement, loss of an index finger or an acquired injury to the brain caused by an external physical force resulting in permanent total disability.

"The categories of grave injuries listed in section 11, providing the sole bases for a third-party action, are deliberately both narrowly and completely described; the list, both exhaustive and not illustrative, is not intended to be extended absent further legislative action" (*Fleming v Graham*, 10 NY3d 296, 300 [2008] [internal quotation marks and citations omitted]). Here, no evidence in the present record shows that plaintiff had suffered a grave injury. Therefore, the Workers' Compensation Law precludes the contribution and common-law indemnification claims against BSIS (*see Galeno v Everest Scaffolding, Inc.*, 202 AD3d 433, 435 [1st Dept 2022]).

Further, the record is devoid of a written contract creating liability for contractual indemnification or failure to procure insurance by BSIS. Beyond a purchase order, no written agreement exists between BSIS and TEI (Peele EBT tr, NYSCEF Doc. No. 124 at 24; Lynch EBT tr, NYSCEF Doc. No. 126 at 44), nor between BSIS and either Owner or Gilbane (Peele EBT tr, NYSCEF Doc. No. 124 at 36; Lynch EBT tr, NYSCEF Doc. No. 126 at 92-93). Moreover, Owner and Gilbane fail to oppose BSIS' motion (Mot. Seq. No. 007) seeking dismissal of their third-party complaint against it, rendering those claims abandoned (*see Leveron v. Prana Growth Fund I, L.P.*, 181 AD3d 449, 450–51 [1st Dept 2020]). Accordingly, BSIS' motion (Seq. No. 007) is granted in its entirety.

Accordingly, it is hereby

ORDERED that the motion of defendants/third-party-plaintiffs 95th and Third LLC, Gilbane Building Company, and Trade Off LLC for summary judgment (Mot. Seq. No. 006) is granted, to the extent of dismissing plaintiff's Labor Law § 241(6) claim insofar as predicated on 12 NYCRR 23-1.7(e)(1), 23-1.32, 23-2.1, and 23-2.2; and it is further

ORDERED that plaintiff Patrick MacMenamin's motion for summary judgment (Mot. Seq. No. 005) and the motion of defendants/third-party plaintiffs 95th and Third LLC and Gilbane Building Company, as well as second third-party-defendant Trade Off LLC, for summary judgment (Mot. Seq. No. 006) are otherwise both denied; and it is further

ORDERED that third-party-defendant BSIS, Inc.'s motion for summary judgment (Mot. Seq. No. 007) is granted; and it is further

ORDERED that plaintiff Patrick MacMenamin's request for leave to amend the bill of particulars is granted, to the extent of adding an allegation of a violation of 12 NYCRR 23-1.7(d); and it is further

[* 13]

ORDERED that the second cause of action for violation of Labor Law § 240 is severed and dismissed, as withdrawn by plaintiff (affirmation, NYSCEF Doc. No. 117 ¶ 9), and the action shall continue as to the balance of plaintiff's claims; and it is further

ORDERED that this matter is respectfully referred to the Clerk of the Trial Assignment Part to be scheduled for trial.

This constitutes the decision and order of the court.

ENTER:

_Louis L. Nock_

| 5/20/2024 | | LOUIS L. NOCK, J.S.C. |
|---|---|---|
| **DATE** | | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION |
|---|---|---|
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE |