**Hao Sheng Zhou v Rockaway Hotel Owner LLC**

2025 NY Slip Op 32165(U)

June 17, 2025

Supreme Court, New York County

Docket Number: Index No. 156652/2020

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. MARY V. ROSADO**

*Justice*

-------------------------------------------------------------------X

HAO SHENG ZHOU,

Plaintiff,

- v -

ROCKAWAY HOTEL OWNER LLC,COMALLA
CONSTRUCTION LLC,JBS PROJECT MANAGEMENT
LLC,A&B HEATING AND AIR CONDITIONING INC.,

Defendant.

-------------------------------------------------------------------X

ROCKAWAY HOTEL OWNER LLC, COMALLA
CONSTRUCTION LLC

Plaintiff,

-against-

JDP DESIGN CONSTRUCTION, INC.

Defendant.

-------------------------------------------------------------------X

ROCKAWAY HOTEL OWNER LLC, COMALLA
CONSTRUCTION LLC, JBS PROJECT MANAGEMENT LLC

Plaintiff,

-against-

A&B HEATING AND AIR CONDITIONING, INC.

Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| PART | 33M |
| INDEX NO. | 156652/2020 |
| MOTION DATE | 09/11/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 596057/2020

Second Third-Party
Index No. 596057/2021

The following e-filed documents, listed by NYSCEF document number (Motion 002) 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 144, 149, 151, 152, 153, 154, 159, 160

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

Upon the foregoing documents, and after a final submission date of April 15, 2025,

Defendants/Third-Party Plaintiffs Rockaway Hotel Owner LLC ("Hotel"), Comalla Construction

**156652/2020  ZHOU, HAO SHENG vs. ROCKAWAY HOTEL OWNER LLC**
**Motion No.  002**

Page 1 of 6

LLC, ("Comalla") and JBS Project Management, LLC's ("JBS Project Management") motion for summary judgment dismissing Plaintiff's Complaint and seeking contractual indemnification against JDP Design Construction, Inc. is denied.

## I. Background

On December 14, 2019, Third-Party Defendant JDP Design Construction, Inc. ("JDP Design") employed Plaintiff Hao Sheng Zhou ("Plaintiff") as carpenter at a project constructing the Rockaway Hotel (the "Premises"). The general contractor at the Premises was Comalla (NYSCEF Doc. 67 at 29). Plaintiff testified he climbed a six-foot white aluminum ladder to take measurements on the first-floor ceiling at the Premises when he fell off the ladder, which shook and wobbled (NYSCEF Doc. 65 at 79-80; NYSCEF Doc. 66 at 25). The ladder was old, and Plaintiff was concerned about its sturdiness because the metal braces, which locked the ladder in position, were bent (NYSCEF Doc. 65 at 99-101). When Plaintiff fell, the ladder fell with him (NYSCEF Doc. 66 at 25).

At the time of Plaintiff's accident, there were many different trades working at the Premises, including plumbers, sheet rockers, electricians, framers, and HVAC mechanics (NYSCEF Doc. 67 at 34-35). Comalla contracted JDP Design as a framer and sheet rocker while A&B Heating was contracted to complete HVAC work (NYSCEF Doc. 67 at 39). According to JDP's foreman, Plaintiff fell from a blue ladder owned by A&B Heating (NYSCEF Doc. 69 at 80). A JDP employee present at the time of Plaintiff's fall likewise testified Plaintiff fell from a blue ladder (NYSCEF Doc. 70 at 53). A&B Heating's witness stated it was not their blue ladder involved in Plaintiff's accident, but a silver ladder (NYSCEF Doc. 68 at 21). Plaintiff admitted he did not know who the ladder belonged to, and admitted he was told not to use other contractors' tools (NYSCEF Doc. 66 at 121).

156652/2020 ZHOU, HAO SHENG vs. ROCKAWAY HOTEL OWNER LLC Page 2 of 6
Motion No. 002

2 of 6

[* 2]

In this motion, Owner, Comalla, and JBS Management seek summary judgment dismissing Plaintiff's Complaint, and Owner and Comalla seek summary judgment on their contractual indemnification claim against JDP Design.

## II.   Discussion

### A.  Standard

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

### B.  Dismissal of Plaintiff's Complaint

#### i.     Labor Law § 240(1) & 241(6)

The Court finds that Hotel, Comalla, and JBS Management have failed to eliminate triable issues of fact with respect to Plaintiff's Labor Law §§ 240(1) and 241(6) claims. Viewing the facts in the light most favorable to the non-movant, there is an issue of fact as to the ladder that Plaintiff used, with some witnesses, including Plaintiff and A&B Heating, stating he used an old aluminum ladder, while other witnesses, including JDP Design and Comalla stating that Plaintiff used a blue fiberglass ladder owned by A&B Heating. While Plaintiff's description of the old aluminum ladder may give rise to a Labor Law § 240(1) violation, there has been no showing that the blue fiberglass ladder is defective. As there remains an issue of fact as to which ladder Plaintiff used, and therefore

**156652/2020   ZHOU, HAO SHENG vs. ROCKAWAY HOTEL OWNER LLC**          **Page 3 of 6**
**Motion No.  002**

3 of 6

whether the equipment used was defective, summary judgment would be inappropriate (*Batlle v NY Developers & Management, Inc.*, 193 AD3d 562, 562-63 [1st Dept 2021]).

There is also an issue of fact as to whether Plaintiff was the sole proximate cause of his accident. A jury may find that Plaintiff used the aluminum ladder. To date, the owner of the aluminum ladder has not been identified. Although Hotel, Comalla, and JBS Management argue that Plaintiff failed to heed instructions to use only JDP Design tools, it has not been established, for purposes of summary judgment, that the ladder which allegedly caused Plaintiff's injury did not belong to JDP Design. Moreover, given Plaintiff's supervisor's proximity to Plaintiff when he began using the ladder, there is an issue of fact as to whether JDP Design knew and approved of Plaintiff's use of that ladder (*see Mendoza v Velastate Corp.*, 99 AD3d 401, 402 [1st Dept 2012]). Therefore, the motion for summary judgment dismissing Plaintiff's Labor Law 240(1) claim is denied. Because Hotel, Comalla, and JBS Management make an identical sole proximate cause argument for dismissal of Plaintiff's Labor Law § 241(6) claim, the branch of the motion seeking dismissal of the § 241(6) claim is likewise denied.

### ii.    Labor Law § 200 and Common Law Negligence

Viewing the facts in the light most favorable to the non-movant, Hotel, Comalla, and JBS Management's motion for summary judgment dismissing Plaintiff's Labor Law § 200 and common law negligence claims is denied. Although Hotel, Comalla, and JBS Management argue that Plaintiff was injured as a result of the means and methods of Plaintiff's work, they ignore Plaintiff's testimony that the ladder was placed on top of cardboard left on the ground where Plaintiff was required to work, and he could not move that cardboard "because there [were] a lot of things right next to the cardboard" (NYSCEF Doc. 66 at 97). Thus, the presence of debris, on which Plaintiff's ladder was placed, falls into the "dangerous condition" bucket of Labor Law §

**156652/2020   ZHOU, HAO SHENG vs. ROCKAWAY HOTEL OWNER LLC**                    **Page 4 of 6**
**Motion No.  002**

4 of 6

[* 4]

200 claims (*see, e.g. Sande v Trinity Centre LLC*, 188 AD3d 505, 506 [1st Dept 2020]). Because this is a "dangerous condition" case Hotel, Comalla, and JBS Management were required to show they lacked constructive or actual notice of the debris in Plaintiff's workspace, however they have failed to offer any evidence as to notice. The failure to eliminate issues of fact regarding actual or constructive notice requires denying Hotel, Comalla, and JBS Management's motion for summary judgment dismissing Plaintiff's Labor Law § 200 and common law negligence claims (*see also Cavedo v Flushing Commons Property Owner, LLC*, 217 AD3d 561, 561-62 [1st Dept 2023]).

### C. Contractual Indemnification

The motion for summary judgment seeking contractual indemnification against JDP Design is denied. A contract imposing an obligation to indemnify is to be strictly construed, and a Court will not read into an indemnification clause a duty to indemnify where there is none (*Needham & Company, LLC v UPHealth Holdings, Inc.*, 212 AD3d 561, 561 [1st Dept 2023]). The indemnification clause at issue, found in Section 4.1 of the subcontract executed between Comalla and JDP Design (NYSCEF Doc. 93), reads:

> "To the fullest extent permitted by law, Subcontractor shall defend and hold harmless Contractor, Owner and all entities identified as indemnified parties in the Prime Contract, and all parties listed herein at Exhibit 'E', and their members, directors, officers, employees, agents and representatives (hereinafter "Indemnitees") from and against all claims, damages, losses and expenses, including but not limited to, attorney's fees and expenses, arising out of or resulting from, in whole or in part, the performance of the Work or the misconduct of Subcontractor, anyone retained by Subcontractor or anyone for whom the Subcontractor is liable, regardless of whether or not it is caused in part by a party indemnified hereunder. This indemnification agreement includes, but is not limited to, any such claims, damages, losses and expenses attributable to bodily injury, sickness, disease or death, or injury to or desaturation of real or tangible property, including the loss of use resulting there from. Such obligation…Subcontractor, however, shall not be required to indemnify any Indemnitee to the extent attributable to the negligence of such Indemnitee."

**156652/2020  ZHOU, HAO SHENG vs. ROCKAWAY HOTEL OWNER LLC**                    **Page 5 of 6**
**Motion No.  002**

5 of 6

The "Work" is defined in Exhibit B to the subcontract as masonry work, including filling in structural and non-structural CMU block walls, installing lintels, bond beams, grout filled blocks, epoxied dowels rebar, etc. The plastering and carpentry work which Plaintiff was engaged in was pursuant to a separate purchase order not included in the subcontract containing the indemnification clause (*see* NYSCEF Doc. 136). That purchase order is not mentioned in the subcontract, was executed after the subcontract, and does not incorporate any terms from the subcontract. Nor does the purchase order contain an indemnification clause. Construing the indemnification clause strictly, as this Court must, the Court finds that there was no agreement to indemnify claims for personal injury related to the work Plaintiff was carrying out pursuant to the purchase order. Therefore, the motion for summary judgment seeking contractual indemnification is denied.

Accordingly, it is hereby,

ORDERED that Defendants/Third-Party Plaintiffs Rockaway Hotel Owner LLC, Comalla Construction LLC, and JBS Project Management, LLC's motion for summary judgment dismissing Plaintiff's Complaint and seeking contractual indemnification against JDP Design Construction, Inc. is denied in its entirety; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 6/17/2025 | | _My V Rosdo JSC_ |
| --- | --- | --- |
| **DATE** | | (HON. MARY V. ROSADO, J.S.C. |

| CHECK ONE: | | CASE DISPOSED | | x | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | x DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**156652/2020  ZHOU, HAO SHENG vs. ROCKAWAY HOTEL OWNER LLC**
**Motion No.  002**

Page 6 of 6